Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITY OF TACOMA, a municipal corporation, <br><br> Plaintiff, <br><br> v. <br><br> CLEAR CHANNEL OUTDOOR, INC., a Delaware corporation, <br><br> Defendant. | No. C11-5747 BHS <br><br> **DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT TO INVALIDATE SETTLEMENT AGREEMENT** <br><br> NOTE ON MOTION CALENDAR: OCTOBER 21, 2011 <br><br> ORAL ARGUMENT REQUESTED |

## **INTRODUCTION**

This action arises from the City's attempt to renege on the Settlement Agreement it signed to resolve an earlier lawsuit before this Court.

In that prior lawsuit—which the City removed to this Court—Clear Channel challenged the City's demand that Clear Channel remove nearly two hundred billboards (without compensation) or face steep fines and penalties. Rather than defend the legality of its billboard removal efforts, the City entered into a settlement in exchange for dismissal of Clear Channel's lawsuit. Compl., Ex. A ¶ 6. The settlement "acknowledge[d] Clear Channel's vested rights" in its billboards, Compl., Ex. A ¶ 4, and provided that (i) if the City passed an ordinance permitting digital billboards, Clear Channel would remove some, though not all, of its existing signs in exchange for permits to construct ten digital billboards, and (ii) the City agreed to pay the fair

DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT TO INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

market value of any existing signs it required Clear Channel to remove "other than in connection with the construction of digital billboards as provided herein." *Id.*, Ex. A ¶ 4.

Under the agreement, Clear Channel had a six-month option period in which to sign the agreement. Following the City's execution of the agreement, the parties stipulated to dismissal of Clear Channel's then-pending lawsuit. Thereafter, recognizing the continued validity of the agreement, the City extended Clear Channel's option period until August 15, 2011. Compl., Ex. B.

Despite this history, and notwithstanding its express obligation to "defend the . . . enforceability of" the contract, Compl., Ex. A, ¶ 10, the City has sued for a declaration that the contract is "unenforceable" because, the City alleged, the promises it made to secure the dismissal of a federal lawsuit are and always were "illusory." Compl. ¶ 6.2. The documents attached to its Complaint, however, make clear that the consideration for the contract was not an unenforceable promise to enact an ordinance permitting digital billboards. Nor is such an ordinance a condition precedent to the City's obligations. Moreover, not only do the plain terms of the contract refute the City's claims, the City is estopped from presenting these claims, because they are inconsistent with the position the City took in this Court in order to obtain dismissal of the prior litigation. The Complaint should be dismissed with prejudice.

## I.   FACTUAL BACKGROUND

In 1997, the City of Tacoma amended its Sign Code to target billboards. Compl. ¶ 4.2 The amendments purported to define certain existing billboards as "non-conforming" and required the removal of such billboards by 2007. *Id.* Ordered by the City to remove nearly 200 of its billboards (without just compensation) or face fines and penalties, Clear Channel sued for a judgment declaring the removal rules invalid under constitutional and statutory law. Compl. ¶ 4.3. The City removed the case to this Court. Compl. ¶ 4.4. This Court scheduled a five-day trial to begin on May 11, 2010. *See* Dkt. No. 23, No. 07-CV-05407-BHS (W.D. Wash. (Tacoma) Sept. 21, 2009). By stipulated order, this Court enjoined the City from assessing

DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT TO INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  related fines or penalties against Clear Channel during the pendency of the lawsuit. *See*
2  Stipulated Order Relating to Tolling of Civil Penalties, No. 07-2-10344-4 (Pierce County Sup.
3  Ct., Aug. 3, 2007).

4  The parties entered settlement negotiations, Compl. ¶ 4.5 and ultimately agreed to resolve
5  the litigation through two steps.  First, they executed an "Agreement Re Dismissal of Lawsuit"
6  (the "Dismissal Agreement"), which provided that, "[u]pon execution of the attached Settlement
7  Agreement by the City, the parties shall file a Stipulated Dismissal of the lawsuit."  Compl.,
8  Ex. 4 to Ex. A, ¶ 1.  The "attached Settlement Agreement," in turn, was an option contract.  By
9  executing it:

> "[T]he City, in exchange for Clear Channel's dismissal of the
> Litigation pursuant to the [Dismissal Agreement], and the
> payment by Clear Channel to the City of $100.00, and other
> good and valuable consideration, grant[ed] Clear Channel the
> option . . . of executing this Agreement at any time within six
> (6) months of the City's execution of the Settlement
> Agreement.

Compl., Ex. A ¶ 6.  The Settlement Agreement expressly "acknowledge[d] Clear Channel's
vested rights with respect to its existing conforming and legally nonconforming billboard signs
and relocation permits," Compl., Ex. A ¶ 4.  By executing the option, Clear Channel would
acquire two potential rights in exchange for removal of certain billboards and loss of its
relocation permits.  First, if Clear Channel received "permits to construct ten digital bulletin
billboards," then Clear Channel would "(i) permanently remove" certain specified billboards
"and (ii) relinquish 100 relocation permits" within six months.  Compl., Ex. A ¶ 2.  This method
of securing the removal of some of Clear Channel's billboards would not require the City to pay
any monetary compensation.  But it was contingent upon enactment of an ordinance permitting
the construction of digital billboards—an ordinance the City was then "contemplating," Compl.,
Ex. A, Recitals ¶ 2, and which, if enacted, would enable the City to compensate Clear Channel
for the loss of certain of its vested rights through an agreed-upon substitute.

DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR
DECLARATORY JUDGMENT TO INVALIDATE SETTLEMENT
AGREEMENT (C11-5747 BHS) - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  Second, the City agreed that, "[i]f and to the extent the City requires the removal of [Clear Channel's billboards] or elimination of [its relocation] permits at some future date (other than in connection with the construction of digital billboards as provided herein), the City will compensate Clear Channel for the fair market value of those interests." Compl., Ex. A ¶ 4. This alternative method of securing removal of existing billboards was not contingent on enactment of a digital billboard ordinance. It would, however, require the City to "pay Clear Channel any monetary loss arising therefrom, including the fair market value for removed signs or elimination of relocation permits as a result of such ordinances or regulations." Compl., Ex. A ¶ 5.

The City signed the Settlement Agreement and, upon motion by the parties, this Court dismissed the lawsuit on October 13, 2010 "without prejudice and subject to the terms and conditions in the attached Agreement Re Dismissal of Lawsuit." Dkt. 33, No. 07-cv-05407-BHS (W. D. Wash. (Tacoma) Oct. 13, 2010). As anticipated under the Settlement Agreement, the City proceeded with efforts to enact an ordinance allowing digital billboards. Compl. ¶ 4.9. As the end of the six-month option period approached, "it was clear that the City's work on a new code was not complete," and the parties signed an amendment extending the option period until August 15, 2011. Compl. ¶ 4.8; Ex. B. Thereafter, the City Planning Commission recommended against allowing digital billboards. Compl. ¶ 4.10. On July 26, 2011, the City Council began considering an ordinance banning digital billboards and requiring removal of existing billboards under modified conditions.

On July 27, 2011—several weeks before the option expired—Clear Channel exercised its option under the Settlement Agreement. *See* Compl., Ex. A. Two weeks later, the City Council purported to enact the ordinance banning digital billboards. Compl. ¶ 4.15. This development meant that the City would not be able to grant Clear Channel digital billboard permits. The ordinance, however, did not purport to preclude the City from complying with its contractual commitment to pay fair market value for any signs it forced Clear Channel to remove. Compl., Ex. A ¶ 4.

DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT TO INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1   Notwithstanding that ongoing contractual commitment, the City filed a Complaint in state court on August 18, 2011, alleging that the Settlement Agreement is unenforceable on five grounds: (1) lack of consideration, (2) illusory contract, (3) failure of condition precedent, (4) repudiation of offer, and (5) invalid execution by Clear Channel.

The City's Complaint should be dismissed with prejudice. Allowing the litigation to proceed would allow the City to make an end-run around this court's order of October 13, 2010. This Court dismissed Clear Channel's action "subject to the terms and conditions of the attached Agreement Re Dismissal of Lawsuit." The City now seeks a judicial declaration that those agreements are—and always were—invalid and unenforceable. The City should be estopped from changing its position in this manner.

Moreover, none of the allegations in the City's Complaint states a claim upon which relief may be granted. The first four are contrary to the plain language of the Settlement Agreement and the Dismissal Agreement, which the City attaches to its Complaint. The fifth is contradicted by the Settlement Agreement and fails to allege facts sufficient to state a plausible claim for relief. This Court should grant Clear Channel's motion and dismiss the Complaint with prejudice.

## II.   ARGUMENT

### A.   The City Is Estopped From Denying the Validity of the Settlement Agreement.

The City previously told this Court that the Agreement was enforceable and that the City would adhere to it. The doctrine of judicial estoppel bars it from changing its position here:

> [W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him. *Davis v. Wakelee*, 156 U.S. 680, 689 (1895). . . . This rule, known as judicial estoppel, "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000).

DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT TO INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

*New Hampshire v. Maine*, 532 U.S. 742, 749 (2001); *see also Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001) ("The application of judicial estoppel is not limited to bar the assertion of inconsistent positions in the same litigation, but is also appropriate to bar litigants from making incompatible statements in two different cases.").

In determining whether judicial estoppel applies, courts should consider: (i) whether a party's later position is "clearly inconsistent with its earlier position"; (ii) "whether the party has succeeded in persuading a court to accept that party's earlier position"; and (iii) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire v. Maine,* 532 U.S. at 750-51 (citations and internal quotation marks omitted). Each factor favors applying the doctrine here.

First, the City necessarily represented to this Court that the Settlement Agreement was binding since only a valid agreement would justify dismissal of Clear Channel's suit. The City now argues it was ***never*** obligated under it because its promises were "illusory." This position is "clearly inconsistent" with the City's prior position. *Id.* at 750.

Second, the City succeeded in persuading this Court to accept its earlier position. The parties stipulated to dismissal "subject to the terms and conditions in the attached Agreement Re Dismissal of Lawsuit" (Dkt. 33, No. 07-cv-05407-BHS (W. D. Wash. (Tacoma) Oct. 13, 2010)). Based on this stipulation, the Court dismissed the prior lawsuit. Again, the Court would not have dismissed the suit based on a stipulation that the parties had entered into an invalid contract, or a contract that one of the parties secretly deemed a sham and void *ab initio*.

Third, allowing the City to deny the validity of the Settlement Agreement would give the City "an unfair advantage." *New Hampshire,* 532 U.S. at 751. Clear Channel had a strong basis to challenge and permanently enjoin the City's unlawful billboard removal ordinance and, had it pursued its claims, likely would have obtained a ruling and legal certainty by now. In exchange for seeking prompt relief, Clear Channel accepted a contract that the City now claims is

DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT TO INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

worthless. The City should not be allowed to manipulate Clear Channel and this Court with inconsistent arguments. *See Hamilton,* 270 F.3d at 782 ("This court invokes judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of 'general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.' *Russell* [*v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1996)].").

### B.  The Complaint Fails to State a Claim on Which Relief May Be Granted

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim that is "plausible on its face," with factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555, 570 (2007). Factual allegations that are "merely consistent with" liability will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, a complaint fails to state a claim when its allegations contradict the terms of a contract attached to the complaint: "[W]here the allegations of a pleading are inconsistent with the terms of a written contract attached as an exhibit, the terms of the latter, fairly construed, must prevail over the averments differing therefrom." *Foshee v. Daoust Constr. Co.,* 185 F.2d 23, 25 (7th Cir. 1950); *Ott v. Home Sav. & Loan Ass'n,* 265 F.2d 643 (9th Cir. 1958); *see also* Fed. R. Civ. P. 10(c).[1]  Under these standards, the Complaint should be dismissed.

#### 1.  Claim One Should Be Dismissed Because It Is Refuted by the Plain Terms of the Settlement Agreement.

The City claims that its duties under the Settlement Agreement are contingent upon passage of a digital billboard ordinance. Compl. ¶¶ 5.2-5.3. It then claims that, because it did not enact such an ordinance, there is no consideration to support the contract. This claim is refuted by the plain terms of the Settlement Agreement.

---

[1] The consideration of attached exhibits does not convert a motion to dismiss into one for summary judgment. *See Biotics Research Corp. v. Heckler,* 710 F.2d 1375, 1379 (9th Cir. 1983).

DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT TO INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

In "exchange for Clear Channel's dismissal of the Litigation" and its payment "of $100.00, and other good and valuable consideration," Compl., Ex. A ¶ 6, the City agreed to provide the following consideration:

> **[1]** the City's contractual "acknowledg[ment] of Clear Channel's vested rights with respect to its existing conforming and legally nonconforming billboard signs and relocation permits," Compl., Ex. A ¶ 4;
>
> **[2]** the City's agreement to provide two potential forms of compensation for Clear Channel's loss of those vested rights—
>
> > *either*
> >
> > **[a]** "receipt of permits to construct ten digital bulletin billboards," Compl., Ex. A ¶ 2,
> >
> > *or*
> >
> > **[b]** "the fair market value of those interests" "[i]f and to the extent the City requires the removal of [Clear Channel's billboards] or elimination of [its relocation] permits at some future date (***other than in connection with the construction of digital billboards as provided herein***)," Compl., Ex. A ¶ 4 (emphasis added);
>
> **[3]** and the City's agreement to abide by the Stipulated Injunction, notwithstanding the dismissal of the suit in which it was entered, until three weeks after the expiration of option period, Compl., Ex. 1 to Ex. A ¶ 2.

The City's allegation that *all* of this consideration was contingent upon enactment of an ordinance permitting digital billboards is incorrect. The highlighted language quoted above makes clear that the City's obligation to pay the fair market value for any billboards removed is not contingent upon the permitting and construction of new digital billboards. To the contrary, the obligation to pay fair market value is triggered by the forced removal of any existing billboards that occurs "***other than*** in connection with the construction of digital billboards." Compl., Ex. A ¶ 4 (emphasis added). Thus, the City's failure to enact a digital billboard ordinance only deprived the City of the ability to grant Clear Channel in-kind compensation (*i.e.*, authority to construct ten digital billboards) so that it could thereby avoid paying fair market value for forced removal of Clear Channel's existing billboards. But, the City's failure to enact a

DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT TO INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 8

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

digital billboard ordinance did not deprive Clear Channel of its contractual right to monetary compensation if the City insisted on removal of Clear Channel's existing billboards without a corresponding right to construct digital billboards.

The City's "contingent" consideration claim is also belied by the next paragraph of the Settlement Agreement. It states that:

> Nothing herein shall be construed to limit or impair the City's authority to enact ordinances or regulations governing signs or to limit or impair the City's police power, provided, however, that, if the City does so in a manner that limits, conflicts with or is inconsistent with Clear Channel's vested rights as acknowledged in this Agreement, it ***shall pay to Clear Channel*** any monetary loss arising therefrom, including the fair market value for removed signs or elimination of relocation permits as a result of such ordinances or regulations.

Compl. Ex. A ¶ 5 (emphasis added). This provision recognizes that the City might attempt to exercise its police power to regulate billboards in any number of ways that could "limit[], conflict[] with or [be] inconsistent with Clear Channel's vested rights." And the City unambiguously committed itself "to pay to Clear Channel any monetary loss arising" from *any* such exercise of its police power. Again, this obligation is inconsistent with the City's claim that its obligation to pay compensation is contingent on enactment of a digital billboard ordinance.

Because Claim One is inconsistent with—and in fact flatly refuted by—the plain language of the Settlement Agreement, it should be dismissed.

### 2. Claim Two Should Be Dismissed Because It Is Also Inconsistent with the Plain Terms of the Settlement Agreement.

Claim Two should be dismissed for the same reason: Contrary to the City's claim, its contractual commitments in the Settlement Agreement are neither illusory nor unenforceable. Compl. ¶¶ 6.3-6.5. "A court will not give effect to interpretations that would render contract obligations illusory." *Taylor v. Shigaki,* 84 Wash. App. 723, 730, 930 P.2d 340, 344 (1997). Here, the City's proferred "interpretation" of the Settlement Agreement is not only inconsistent with settled interpretive rules, it contradicts the plain language of the contract.

DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT TO INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 9

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

The terms of the Settlement Agreement show that the City did not promise that it "will" enact a digital billboard ordinance, as the Complaint inaccurately alleges. Compl. ¶ 6.3. Instead, the Agreement states that "[t]he City is *contemplating* the enactment of an Ordinance . . . [which] would allow digital billboard signs in exchange for the removal of existing billboard signs." Compl. Ex. A (Recitals ¶ 2) (emphasis added). Recognizing that the City ultimately might not enact an ordinance permitting digital billboards—and that, even if it did, it might force removal of existing signs without affording Clear Channel a corresponding right to construct digital billboards—the parties included the following obligation:

> If and to the extent the City requires the removal of such signs or elimination of such [relocation] permits at some future date (other than in connection with the construction of digital billboards as provided herein), the City will compensate Clear Channel for the fair market value of those interests.

Compl., Ex. A ¶ 4. Thus, the option contract is akin to an "alternative contract." "An 'alternative contract' is one where a party promises to render one of two or more alternative performances either one of which is mutually agreed upon as the bargained-for equivalent given in exchange for the return performance by the other party." 17B C.J.S. *Contracts*, § 669 (Alternative Promises and Election) (2011); *see also Bellevue Sch. Dist. No. 405 v. Bentley,* 38 Wash. App. 152, 155 684 P.2d 793 (1984) ("A contract is a true alternative contract when the parties have agreed that either of two or more alternative performances is to be given by the promisor as the agreed exchange for the promisee's performance.").

Like an alternative contract, the Settlement Agreement afforded the City the option of performing an action or making a payment. *See Bellevue,* 38 Wash. App. at 157 (finding a true option where a teacher received a sabbatical in exchange for agreeing to resume teaching afterward or, in the alternative, reimbursing the school for her salary on sabbatical). There is nothing illusory about such alternative performance obligations. "Where the promise is in the alternative to do one or the other of certain things, the promisor is bound to perform in one or the other of the ways specified." 17B C.J.S. *Contracts*, § 669. So too here, the City agreed to

DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT TO INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 10

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

compensate Clear Channel for the removal of any existing billboards either by providing contractually specified digital billboard construction permits or paying fair market value for those billboards.[2] The City has no right to refuse to perform either of these promises. Claim Two should be dismissed.

### 3. Claim Three Should Be Dismissed Because Enactment of Digital Billboard Ordinance Is Not a Condition Precedent to All of the City's Obligations.

Claim Three fails because it ignores the alternative promises set forth in the contract. The Settlement Agreement contradicts the City's allegation that passage of an ordinance allowing digital billboards is a condition precedent to the entire contract. Compl. ¶¶ 7.2-7.4. Passage of such an ordinance is necessary only for one potential form of performance: The issuance of digital billboard permits, Compl., Ex. A ¶ 2. Failure to pass such an ordinance does not hinder the City's duty to compensate Clear Channel for forced removal of signs "other than in connection with the construction of digital billboards as provided herein." *See* Compl., Ex. A ¶ 4.

The fact that a condition precedent to one of two alternative promises is not fulfilled does not discharge the alternative obligation.

> Generally speaking, and in the absence of any manifestation of a contrary intention, where a contract allows alternate means of performance or an election regarding the method of performance, the fact that one of the undertakings or options becomes impossible does not discharge the promisor from the obligation to render the alternative performance that has not become impossible.

17A AM. JUR. 2d *Contracts* § 663 (Contracts Providing Alternatives) (2011); *see also, e.g., Cook v. El Paso Natural Gas Co.,* 560 F.2d 978, 982 (10th Cir. 1977) ("[W]here there is impossibility of performance with respect to one of two alternatives, the result is not to relieve the promisor of

---

[2] To be clear, had the City passed an ordinance allowing digital billboards, it could have conceivably performed both obligations. For example, it could have granted Clear Channel ten digital billboard construction permits for removal of the billboards listed in the attachment to the Settlement Agreement, but then decided to pay fair market compensation for any additional billboards it successfully required Clear Channel to remove.

DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT TO INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 11

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  all obligation in the premises. He does not escape performance of an alternative remedy if one
2  exists."). Here, even if enactment of a digital billboard ordinance became impossible—and it did
3  not—the City remains obligated on its promise to provide compensation for any forced billboard
4  removal that occurs "other than in connection with the construction of digital billboards."
5  Compl., Ex. A ¶ 4.

6  Because the City remains obligated to pay the fair market value of any existing signs it
7  successfully requires Clear Channel to remove, no lack of a condition precedent causes the
8  contract to fail. Claim Three should be dismissed.

### 4. Claim Four Should Be Dismissed Because the City Could Not, and Did Not, Withdraw the Option Agreement During the Option Period

In Claim Four, the City asserts that it "effectively withdrew" the option agreement when the Tacoma Mayor stated, on June 14, 2011, that the City could not implement the Settlement Agreement. According to the City, the Mayor's statement unilaterally relieved the City of all its obligations under that contract. This claim fails on several grounds.

First, nothing in the Settlement Agreement permits the City to withdraw the option prior to the expiration of the option period. The Settlement Agreement provides that:

> By executing this Agreement, the City, in exchange for Clear Channel's dismissal of the Litigation pursuant to the [Dismissal Agreement], and the payment by Clear Channel to the City of $100.00, and other good and valuable consideration, grants Clear Channel the option, ***in Clear Channel's sole discretion***, of executing this Agreement at any time within the six (6) months of the Approval Date.

Compl., Ex. A, ¶ 6 (emphasis added). The City cannot deny that (1) it executed the Settlement Agreement, (2) Clear Channel provided the consideration for that execution, (3) the Settlement Agreement went into effect, and (4) by amendment, the parties extended the options period until August 15, 2011. *See* Compl., Ex. B. The City nowhere alleges that it had any right to withdraw the Settlement Agreement before the option period expired.

DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT TO INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 12

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1   Nor could the City make such an allegation. The Agreement provides that Clear Channel
2   had the "sole discretion" whether to exercise the option at any time before the option period
3   expired. Compl., Ex. A ¶ 6; *see also* Compl., Ex. A ¶ 7 ("Clear Channel's option to execute this
4   Agreement, or to leave the Agreement unexecuted, shall be within Clear Channel's sole
5   discretion."). It further provides that it is "binding upon . . . the City" and any "successors and
6   assigns. . . ." Compl., Ex. A ¶¶ 9-10. Once the City executed the Settlement Agreement and
7   Clear Channel performed its duties, the City had no right to withdraw the option:

> If a valuable consideration passes from the person to whom the
> option is given, the party giving it cannot withdraw his offer within
> the agreed period of time over which the option is to extend. On
> the other hand if the option be given without consideration, it may
> be withdrawn at any time prior to its acceptance . . . ."

*Baker v. Shaw*, 68 Wash. 99, 122 P. 611, 613 (1912) (citation omitted). Here, Clear Channel gave valuable consideration by agreeing to dismiss its suit. Thereafter, only Clear Channel had the right to decide whether it would accept the option or allow it to expire.

Second, even if the City had the contractual right to withdraw, Mayor Strickland's statement was legally inadequate to exercise such a right. The City does not allege that Mayor Marilyn Strickland declared that the City was ***withdrawing*** the Settlement Agreement, but rather that "the terms of the Agreement ***could not be implemented***." Compl. ¶ 4.12 (emphasis added). This is merely a declaration that the Mayor believed that performance of one alternative means of compensating Clear Channel was impossible, because the City would not be able to enact a digital billboard ordinance. *See* Compl. ¶ 8.3 (stating that Mayor Strickland made her announcement "after it became apparent that the Tacoma City Council's good faith efforts to enact a new billboard ordinance would not succeed"). As discussed above, the fact that the City failed to enact a digital billboard ordinance did not render invalid the City's other means of performing—*i.e.*, paying Clear Channel the fair market value of its signs and relocation permits.

DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR
DECLARATORY JUDGMENT TO INVALIDATE SETTLEMENT
AGREEMENT (C11-5747 BHS) - 13

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  The Mayor's mistaken belief to the contrary cannot transform the City's invalid legal theories

2  into a valid withdrawal of an option contract.[3]

3      **5.**    **Claim Five Should Be Dismissed Because It Merely Speculates That Clear Channel's Vice President Lacked Authority to Bind Clear Channel and Its Attestation Claim Is Contradicted by the Facts.**

5      The City's fifth claim challenges the manner in which Clear Channel executed the

6  Settlement Agreement. The Settlement Agreement stated that it would "become effective on the

7  date on which the Agreement is fully executed by Clear Channel, the City Manager, the City

8  Clerk/Deputy City Clerk and their signatures properly attested." Compl. Ex. A ¶ 1. The City

9  Manager signed the Agreement on July 30, 2010, the City Clerk signed and attested to the

10  Agreement on August 6, 2010, Clear Channel's Executive Vice President, Bryan Parker, signed

11  the Agreement on July 27, 2011, and Rebecca A. Knollhoff, a Notary Public, attested to Parker's

12  signature that same day. Compl., Ex. A.

13      The City disputes the validity of Clear Channel's execution on two grounds. First, it

14  states that "[t]he person who executed the Agreement on behalf of Clear Channel is identified as

15  its Vice President, not the President," Compl. ¶ 9.2, then states that "[i]t *is not clear* that [the

16  Vice President] had legal authority to bind Clear Channel," Compl. ¶ 9.3 (emphasis added). This

17  is not an allegation of fact. It is mere speculation, which cannot sustain a claim under the

18  Federal Rules of Civil Procedure:

19  > Factual allegations must be enough to raise a right to relief above
20  > the speculative level, *see* 5 C. Wright & A. Miller, Federal
> Practice and Procedure § 1216, pp. 235–236 (3d ed. 2004) ("[T]he
21  > pleading must contain something more . . . than . . . a statement of

---

[3] For the same reason, the Mayor's statement is not a legally effective repudiation of the contract. Such a repudiation must "indicat[e] distinctly and unequivocally that [the City] either will not or cannot substantially perform *any* of [its] contractual obligations," *Olsen Media v. Energy Sciences, Inc*., 32 Wash. App. 579, 585, 648 P.2d 493 (1982) (emphasis added). The Mayor's statement reflected only her view that the ordinance would not pass and that the City therefore could not implement one of its two alternative promises. The Complaint does not allege that the Mayor denied the City's ability to compensate Clear Channel. Accordingly, her statement was not a valid or complete repudiation.

DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT TO INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 14

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

<pre>
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
</pre>

facts that merely creates a suspicion [of] a legally cognizable right of action").

*Twombly*, 550 U.S. at 555-56 (parenthetical omitted).  The City offers no factual allegation supporting the proposition that Clear Channel's Executive Vice President lacked the authority to execute the contract.  The City has not only failed to allege "enough facts to state a claim to relief that is plausible on its face," *id.* at 570, it has alleged no facts at all, and relies on mere speculation.  It thus "ha[s] not nudged [its] claims across the line from conceivable to plausible." *Id.*

In fact, the City's claim is inconsistent with its own allegations that the general manager of a division—a lower-ranking corporate position than Executive Vice President—had authority to bind Clear Channel in amending the Settlement Agreement.  The City acknowledges that an amendment to the Settlement Agreement "was executed," Compl. ¶ 4.8, and that the amendment was valid.  For example, the City alleges that it worked diligently on a new billboard ordinance "[d]uring the term of the Agreement"—a period that included "the almost 6 months following the First Amendment." Compl. ¶¶ 4.8-4.9.  Mayor Strickland's statement also reflects the City's understanding that the amendment had extended the option period; otherwise there would have been no perceived need to attempt to repudiate the option on June 14, 2011.

However, the amendment was signed by the "President & General Manager, Seattle Division" of Clear Channel.  Compl., Ex. B.  Having plead that the President and General Manager of a *regional division* had the authority to bind Clear Channel, the allegation that an Executive Vice President—a more senior corporate official—lacked such authority is both implausible and insufficient to satisfy the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure.  *See Cook v. Brewer*, 637 F.3d 1002, 1006 (9th Cir. 2011) ("While the pleading standard for Rule 8(a) is liberal, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.' *Twombly*, 550 U.S. at 555. . . . [T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR
DECLARATORY JUDGMENT TO INVALIDATE SETTLEMENT
AGREEMENT (C11-5747 BHS) - 15

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  to relief that is plausible on its face.' *Iqbal*, 129 S. Ct. at 1949." (Parenthetical omitted)).

2  Second, the City asserts that "[the Vice President's] signature was not attested to as required by

3  Paragraph 1 of the Agreement." *Compl.* ¶¶ 9.2-9.3  This claim is similarly without merit.

4  Exhibit A to the City's complaint demonstrates that the Clear Channel Vice President's signature

5  was properly attested.  The Exhibit includes the Settlement Agreement, followed by the

6  following notarization:

> I, the undersigned, a Notary Public . . . DO HEREBY CERTIFY that Bryan Parker, personally known to me to be the Vice President of Clear Channel Outdoor, Inc., . . . and the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that he/she signed, sealed and delivered the said instrument in his/her said capacity and as his/her free and voluntary act, for the uses and purposes therein set forth.

The City's assertion that the foregoing notarization does not constitute "proper[] attest[ation]" under Paragraph 1 of the Agreement is a bare legal conclusion that cannot suffice to state a claim for relief.  *See Twombley*, 550 U.S. at 556 (bare legal conclusions insufficient).  Claim Five should be dismissed.

## CONCLUSION

Based on the foregoing, Clear Channel respectfully requests that this Court dismiss the Complaint with prejudice in its entirety.

DATED this 23rd day of September, 2011.

        BYRNES KELLER CROMWELL LLP

        By /s/ Paul R. Taylor
           Paul R. Taylor, WSBA #14851
           Steven C. Minson, WSBA #30974
        Byrnes Keller Cromwell LLP
        1000 Second Avenue, 38th Floor
        Seattle, WA  98104
        Telephone:  (206) 622-2000
        Facsimile:  (206) 622-2522
        Email:  ptaylor@byrneskeller.com
                sminson@byrneskeller.com

DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT TO INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 16

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

*OF COUNSEL*

Mark D. Hopson*
Gordon D. Todd*
Joseph R. Guerra*
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 736-8000
Facsimile:  (202) 736-8711
Emails:  mhopson@sidley.com
         gtodd@sidley.com
         jguerra@sidley.com
*Admitted Pro Hac Vice*

Attorneys for Defendant Clear Channel Outdoor

DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT TO INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 17

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on the 23rd day of September, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Shelley M. Kerslake
>Kenyon Disend, PLLC
>11 Front Street South
>Issaquah, WA  98027-3820

/s/ Paul R. Taylor
Paul R. Taylor, WSBA #14851
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  (206) 622-2000
Facsimile:  (206) 622-2522
ptaylor@byrneskeller.com

DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT TO INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 18

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000