1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CITY OF TACOMA, a municipal corporation, | NO.  3:11-cv-05747-BHS |
| Plaintiff, | CITY OF TACOMA'S RESPONSE TO DEFENDANT'S MOTION TO DIMISS COMPLAINT FOR DECLARATORY JUDGMENT TO INVALIDATE SETTLEMENT AGREEMENT |
| vs. | |
| CLEAR CHANNEL OUTDOOR, INC., a Delaware corporation, | |
| Defendant. | NOTED FOR: OCTOBER 21, 2011 |

Comes now the City of Tacoma ("City"), by and through its attorneys of record, Shelley M. Kerslake and Kenyon Disend, PLLC, and submits its response in opposition to the Motion to Dismiss filed by Clear Channel Outdoor, Inc. ("Clear Channel"). Because there are facts to support the City's position, and because Clear Channel is not entitled to dismissal as a matter of law, Clear Channel's motion should be denied.

I.   INTRODUCTION

A.  Clear Channel has Failed to Meet its Burden for 12(b)(6) Relief.

A motion to dismiss, under Fed. R. Civ. Pro. 12(b)(6), should be granted only if it appears beyond a reasonable doubt that no facts exist that would justify recovery.

KENYON DISEND

Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel: (425) 392-7090
Fax: (425) 392-7071

*Keniston v. Roberts,* 717 F.2d 1295, 1300 (9ᵗʰ Cir. 1983).  Fed. R. Civ. Pro. 12(b)(6) motions should be granted sparingly and only where the face of the complaint reveals that there is an insuperable bar to relief.  *5 C. Wright and A. Miller, Federal Practice and Procedure,* Section 1357 at 604 (1969); *see also*, *Lawson v. State,* 107 Wn.2d 444, 448, 730 P.2d 1308 (1986) (action may be dismissed under CR 12(b)(6) only if it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the complaint, that would entitle him to relief).  A FRCP 12(b)(6) motion should be "granted sparingly and with caution."  *5 C. Wright & A. Miller, Federal Practice and Procedure,* § 1349 at 541 (1969).  Any hypothetical situation conceivably raised defeats a FRCP 12(b)(6) motion if it is legally sufficient to support plaintiff's claim.  *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268 (1992) (*quoting Corrigal v. Ball and Dodd Funeral Home,* 89 Wn.2d 959, 961, 674, 577 P.2d 580 (1978)).  In the present case, the City's response will clearly demonstrate that there is ample evidence to support the City's case and that there are questions of fact which preclude dismissal at this juncture.[1]

B.  <u>Facts</u>.

This is a case about an offer of settlement that could not be realized.  Rather than accept that the parties will have to continue to address the issue of billboard removal in the City of Tacoma, however, Clear Channel seeks to obtain an unjust victory.  Clear Channel has asked the court to dismiss the City's Complaint for Declaratory Judgment.  This request, and Clear Channel's recitation of the "facts," ignores the history of the

---

[1] If in a 12(b)(6) motion matters outside the pleadings are presented to the court, the motion shall be treated as one for summary judgment and disposed of as provided in CR 56.  *U.S. v. Ritchie* 342 F.3d 903 (9ᵗʰ Cir. 2003).  The City believes that, after both parties have ample time for discovery, this case may be amenable for cross-motions for summary judgment.

CITY OF TACOMA'S RESPONSE TO DEFENDANT'S
MOTION TO DIMISS COMPLAINT FOR
DECLARATORY JUDGMENT TO INVALIDATE
SETTLEMENT AGREEMENT (3:11-cv-05747-BHS) - 2

KENYON DISEND

Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel: (425) 392-7090
Fax: (425) 392-7071

Proposed Settlement Agreement, the Proposed Settlement Agreement's express terms, and the conduct and intent of the parties.

In 2007, Clear Channel brought suit against the City alleging that its sign code, requiring removal of non-conforming billboards, was unconstitutional. Declaration of Shelley Kerslake ("*Kerslake Decl.*") at 1, ¶ 3. In 2010, the parties attempted to settle the matter by proposing that the City amend its sign code to allow for digital billboards in certain areas of the City in exchange for the removal of static billboards by a defined ratio. *Id.* at 1, ¶ 4. Both parties understood that this would require local legislative action and that the City Council could not be contractually bound to pass legislation. *Id.* at 3, ¶ 8. Due to this complexity, the proposed settlement agreement necessarily had to be a bit unconventional. The parties agreed that Clear Channel would have the ability to see the details of the code the City passed before it signed off on the proposed settlement terms. If the code did not implement the terms of the Proposed Settlement Agreement or otherwise contained terms unacceptable to Clear Channel, then Clear Channel could re-file its prior lawsuit against the City. If Clear Channel agreed with the code, then it could execute the Proposed Settlement Agreement, making it effective at that time. Proposed Settlement Agreement, Dkt. No. 1 at 26, ¶ 6. This approach guarded against the unpredictability of the legislative/public process. At no time did the parties agree that this was an "alternative" settlement. Rather, a settlement **hinged on the passage of a digital billboard code.** No code – no settlement. Moreover, the discussion, at the time of negotiation, surrounding paragraph 3 of the Proposed Settlement Agreement only contemplated that paragraph's application to digital billboards. Declaration of Chris Bacha ("*Bacha Decl.*") at 2, ¶ 6; *Kerslake Decl.* at 3, ¶ 11. These discussions supported

CITY OF TACOMA'S RESPONSE TO DEFENDANT'S
MOTION TO DIMISS COMPLAINT FOR
DECLARATORY JUDGMENT TO INVALIDATE
SETTLEMENT AGREEMENT (3:11-cv-05747-BHS) - 3



Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel: (425) 392-7090
Fax: (425) 392-7071

the parties' agreement that the entire Proposed Settlement Agreement was predicated on passage of a code that allowed digital billboards.

The City, in good faith, undertook the process required by the Tacoma Municipal Code to adopt amendments to its sign code. *Kerslake Decl.* at 4, ¶ 13. The City developed a code that implemented the terms of the Proposed Settlement Agreement and released it for public review and comment. *Id.* at 4 - 5, ¶¶ 14 and 15. The Planning Commission, which is charged with making recommendations on such matters to the City Council, held public hearings and deliberated on the proposed code. *Id.* at ¶ 14. Ultimately, the Planning Commission did not recommend the proposed code to the Council, and instead recommended a ban on digital billboards until such time as the impacts of digital technology could be more fully explored. *Id.* at 6, ¶ 21. In April/May 2011, public comment and Council concern about neighborhood impacts from digital billboards gained significant momentum, and it became apparent that the City Council could not implement the terms of the Proposed Settlement Agreement. *Id.* at 6, ¶¶ 21 and 22. It was communicated not once, but twice, to Clear Channel that the City could not implement the terms of the Proposed Settlement Agreement and was withdrawing the offer to settle. *Id.* at 6 - 7, ¶¶ 22 and 23. This was acknowledged by Clear Channel representatives, who then proposed a counter offer. *Id.* at 7, ¶ 24. Rather than re-file its prior lawsuit, as contemplated in the Proposed Settlement Agreement, Clear Channel tried to create a victory where none existed. After clear communication from the City that the agreement was withdrawn and it was apparent that a digital code would not be passed, Clear Channel executed the agreement, in an underhanded attempt to bind the City. Clear Channel is playing a game of "gotcha" that should not be condoned by this

CITY OF TACOMA'S RESPONSE TO DEFENDANT'S
MOTION TO DIMISS COMPLAINT FOR
DECLARATORY JUDGMENT TO INVALIDATE
SETTLEMENT AGREEMENT (3:11-cv-05747-BHS) - 4



Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel: (425) 392-7090
Fax: (425) 392-7071

court.[2]

## II. ARGUMENT

### A. Judicial Estoppel is Inappropriate in this Case.

The substance of this case centers on the disputed interpretation of the Proposed Settlement Agreement between the parties and Clear Channel's attempt to play "gotcha." The City asserts that the Proposed Settlement Agreement was an "offer of settlement, conditioned upon passage of an ordinance that allowed the contemplated Digital Exchange Program." Complaint, Dkt. No. 1 at 16 - 17, ¶ 4.7. Without merit, Clear Channel argues that an "alternative method of securing removal of existing billboards was not contingent on enactment of a digital billboard ordinance." Motion to Dismiss, Dkt. No. 14 at 4. Clear Channel now heavy handedly asks this Court to resolve the contract dispute by dismissing all of Tacoma's claims using the discretionary doctrine of judicial estoppel, which is intended only for extreme cases of misrepresentation and fraud on the court.

Judicial estoppel is an equitable doctrine that may be invoked to protect the integrity of the judicial process. *United National Insurance Company v. Spectrum Worldwide*, Inc., 555 F.3d 772, 778 (9th Cir. 2009), citing *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990). It prevents a party from assuming a position in a legal proceeding, succeeding in that position, and then simply because that party's interests

---

[2] This is not the first time Clear Channel has resorted to these types of tactics to gain an unfair and unbargained for advantage. In *Clear Channel Outdoor, Inc. v. Port of Seattle,* slip copy, 201 WL 5146411 WD Wash. (December 13, 2010), the Port and Clear Channel reached an (unsigned) agreement regarding the removal of certain billboards. As time approached for removal, Clear Channel did not honor the terms it had negotiated, but instead attempted to engage in revisionist history, in favor of more beneficial terms, terms for which there had been no mutual agreement. Just as the Ninth Circuit did not reward the underhanded tactics used by Clear Channel in the *Port* case, such tactics should not be rewarded here.

CITY OF TACOMA'S RESPONSE TO DEFENDANT'S
MOTION TO DIMISS COMPLAINT FOR
DECLARATORY JUDGMENT TO INVALIDATE
SETTLEMENT AGREEMENT (3:11-cv-05747-BHS) - 5



Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel: (425) 392-7090
Fax: (425) 392-7071

have changed, assuming a contrary position to the prejudice of the party who has acquiesced in the position formerly taken.  *New Hampshire v. Maine*, 532 U.S. 742, 742 - 743 (2001).  *Judicial estoppel is to be used when "a party's position is tantamount to a knowing misrepresentation or even fraud on the court."  Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 235 F.3d 1184, 1190 (9th Cir. 2000) (emphasis added).  If a contrary position is not based on "chicanery" or "calculated scheming," judicial estoppel should not be applied.  <u>*See* Johnson v. State of Oregon,</u> 141 F.3d 1361, 1369 (9th Cir. 1998); *Milgard Tempering, Inc. v. Selas Corporation of America,* 902 F.2d 703, 716 - 717 (9th Cir. 1990).

> 1. <u>Clear Channel has failed to establish the three factors required to apply judicial estoppel</u>.

Three factors determine whether judicial estoppel applies to a given situation: (1) Whether a party's current position is inconsistent with an earlier position; (2) Whether judicial acceptance of an inconsistent position in the later proceeding will create the perception that the party misled either the first or second court; *and* (3) Whether the party asserting the inconsistent position will obtain an unfair advantage or impose an unfair detriment on the opposing party if not estopped.  *City of Walla Walla v. $401,333.44*, ___P.3d ___, WL 4599653 (Oct. 2011); *citing Miller v. Campbell*, 164 Wn.2d 529, 539, 192 P.3d 352 (2008).  The facts of this case do no support a claim of judicial estoppel.

Tacoma continues to assert that all of the obligations of both parties to the Proposed Settlement Agreement were contingent upon Tacoma's enactment of a digital billboard ordinance.  Complaint, Dkt. No. 1 at 16, ¶¶ 4.6, 4.7, and 4.8; at 18, ¶ 4.17.  Tacoma makes five claims in its Complaint, four of which revolve around this

CITY OF TACOMA'S RESPONSE TO DEFENDANT'S
MOTION TO DIMISS COMPLAINT FOR
DECLARATORY JUDGMENT TO INVALIDATE
SETTLEMENT AGREEMENT (3:11-cv-05747-BHS) - 6

KENYON
DISEND

Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel:  (425) 392-7090
Fax: (425) 392-7071

"contingent" assertion: lack of consideration; illusory contract; failure of condition precedent; and repudiation/revocation of offer.   Tacoma's assertion today is not inconsistent with the position taken by Tacoma in the Stipulation and Order of Dismissal ("Stipulated Dismissal"); rather, the parties now know the failed outcome of the attempt to satisfy the contingency.

In the Stipulated Dismissal both parties represented that the case had been settled and should be dismissed "**without prejudice** and **subject to** the terms and conditions" in the Agreement Re Dismissal of Lawsuit ("Agreement Re Dismissal").   Stipulated Dismissal, Dkt. No. 1 at 7 - 10 (emphases added).   This was not a simple dismissal with prejudice and was not represented as such to the Court by the parties.   The terms in the Proposed Settlement Agreement were contingent on the passage by the City of a digital billboard ordinance, which is precisely why the Stipulated Dismissal was <u>without prejudice</u> and why the Agreement Re Dismissal contemplated and included terms by which Clear Channel could re-file its lawsuit.   Agreement Re Dismissal, Dkt. No. 1 at 9 - 10, ¶¶ 1, 2, 4, and 5.   If a billboard ordinance, which met the approval of Clear Channel, was not passed, both parties acknowledged that Clear Channel could re-file its case and planned for such a re-filing.   Thus, the first factor has not been met.

The second factor for judicial estoppel requires proof that Tacoma "succeeded in persuading a court" to accept a now inconsistent position.   Clear Channel provided no proof of this factor – because there is none.   In this case, the Stipulated Dismissal entered by the Court did not rule on the terms of the Proposed Settlement Agreement in dispute, the parties did not argue their theories or interpretations to the Court, and there were no findings by the Court.   The City "persuaded" the Court of nothing.   Instead, the Court

**KENYON DISEND**

Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel: (425) 392-7090
Fax: (425) 392-7071

merely accepted the stipulation of the parties that they had settled their dispute, contingent upon certain events occurring, under the terms of the Agreement Re Dismissal.   The Agreement Re Dismissal only discussed Clear Channel re-filing its lawsuit, continuance of the Stipulated Injunction, and third party challenges to the Proposed Settlement Agreement.   It did not put before the Court the terms of the Proposed Settlement Agreement for approval, and therefore, the Court did not rely on any assertions regarding the same.

The City recognizes that in some cases judicial estoppel may apply where the Court has not adopted a prior statement, but where settlement of a case is based on a prior statement causing persons to "triumph by inducing their opponent to surrender" and therefore having "succeeded or prevailed" on their claim through the settlement. *Rissetto v. Plumbers and Steamfitters Local 343,* 94 F.3d 597, 605 (9th Cir. 1996), citing *Kale v. Obuchowski*, 985 F.2d 360, 362 (7th Cir. 1993).  In *Rissetto*, the plaintiff asserted that she had an inability to work, and on that basis the case settled for $127,000 in total temporary disability payments, which was approved by the workers' compensation appeals board. *Rissetto,* 94 F.3d at 604-05.  Plaintiff later asserted litigation claims that were based on her ability to work.   *Id.* at 605-06.   The Court held that the favorable workers compensation settlement constituted "success" as required for judicial estoppel and that the plaintiff could not be permitted to recover money twice on these inconsistent positions. *Id.*

Conversely, the Proposed Settlement Agreement between the City and Clear Channel is not a triumph or favorable settlement for one party over the other.  Rather, it was an agreement by the parties to see if they could settle the dispute with an amendment

CITY OF TACOMA'S RESPONSE TO DEFENDANT'S
MOTION TO DIMISS COMPLAINT FOR
DECLARATORY JUDGMENT TO INVALIDATE
SETTLEMENT AGREEMENT (3:11-cv-05747-BHS) - 8



Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel:  (425) 392-7090
Fax: (425) 392-7071

to the City's sign code.[3]   The Proposed Settlement Agreement provided that the:

> City is contemplating the enactment of an ordinance . . . which . . . would allow digital bulletin billboard signs in exchange for removal of existing billboard signs . . . . The effect of such an ordinance would be to significantly and permanently reduce the number of billboard structures in the City.

Proposed Settlement Agreement, Dkt. No. 1 at 24, Recital 2.  Tacoma did not "succeed" or "triumph" over Clear Channel.  Instead, it agreed in good faith to enter into the legislative process for adoption of a digital billboard ordinance.  This is not the type of "success" required for judicial estoppel to be applied.   "Absent success in a prior proceeding a party's later inconsistent position introduces no risk of inconsistent court determinations . . . and thus poses little threat to judicial integrity."  *New Hampshire, supra,* 532 U.S. at 750-751 (internal citations omitted).

Finally, Clear Channel has failed to show that Tacoma gained an unfair advantage and imposed an unfair detriment on Clear Channel.   Under the third factor for determining if judicial estoppel applies, "courts ask whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on

---

[3] The very nature of a dismissal without prejudice to allow parties time to settle a case will normally fall outside the parameters of judicial estoppel.  In a case factually similar to Tacoma's, *Kinan v. Cohen,* 268 F.3d 27, 30 (1st Cir. 2001), the parties reported that they were near settlement, which was intended to benefit both parties and the court.  The Court held that one party should not be judicially estopped when it turns out that such a joint representation was incorrect.  Invoking estoppel in this type of case would work against the salutary policy encouraging settlement.  While Tacoma did execute the Proposed Settlement Agreement, as in *Kinan,* there was work remaining to be done before all of its terms could be fulfilled. Like the plaintiff in *Kinan,* Tacoma is now turning to the Court with its Complaint and essentially saying, "We tried, but settlement failed."  As the *Kinan* Court pointed out, judicial estoppel should not be used in these types of cases.  It works against parties attempting to settle complex cases in creative ways that require time and satisfaction of contingencies.   This is not a case that is appropriate for the Court to use its discretion and impose judicial estoppel.  There is no proof of chicanery, no inconsistent statement relied on by the Court, and, because the dismissal was without prejudice and included additional terms to avoid harm, no parties were unfairly injured.

CITY OF TACOMA'S RESPONSE TO DEFENDANT'S
MOTION TO DIMISS COMPLAINT FOR
DECLARATORY JUDGMENT TO INVALIDATE
SETTLEMENT AGREEMENT (3:11-cv-05747-BHS) - 9

KENYON DISEND

Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel: (425) 392-7090
Fax: (425) 392-7071

the opposing party if not estopped." *Id.* at 743.  In the present case, the dismissal was without prejudice and the Stipulated Injunction continued in effect so that Clear Channel's existing billboard signs remained in place and uninterrupted while Tacoma's legislative process ran its course.  Stipulated Dismissal, Dkt. No. 1 at 7 - 8; Agreement Re Dismissal, Dkt. No. 1 at 9, ¶ 2.   Given the parties' structure of the proposed settlement, there was no unfair detriment to Clear Channel and no advantage to Tacoma. Moreover, no billboards have been removed pursuant to the City's regulations for the past 14 years.  These billboards are still in place today; thus, the condition that preceded the 2007 lawsuit remains the status quo.  Clear Channel has lost nothing as a result of the failed settlement.  Nevertheless, it is attempting to use judicial estoppel to gain from the failed settlement.  If any party is engaged in chicanery or calculated scheming, it is Clear Channel.

      B.   <u>The Proposed Settlement Agreement is an Illusory Contract Which Cannot be Enforced</u>.

Clear Channel's attempt to enforce the terms of the Proposed Settlement Agreement must fail because the contract is illusory, inherently discretionary and unenforceable.   The essential elements of a valid executory contract will ordinarily include "competent parties, a legal subject matter and a valuable consideration." *Lager v. Berggren*, 187 Wn. 462, 60 P.2d 99 (1936) (quoting 58 C.J. 929).  A binding contract requires mutuality of obligation, with all material contract terms complete and reasonably certain. *Id.*  A promise for a promise is sufficient consideration to support a contract. <u>See Omni Group, Inc. v. Seattle-First Nat'l Bank</u>, 32 Wn. App. 22, 24, 645 P.2d 727 (1982) (citing *Cook v. Johnson*, 37 Wn.2d 19, 23, 221 P.2d 525 (1950)).  If, however, a promise



Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel: (425) 392-7090
Fax: (425) 392-7071

is illusory, there is no consideration and therefore no enforceable contract between the parties. *Interchange Assocs. v. Interchange, Inc.*, 16 Wn. App. 359, 360, 557 P.2d 357 (1976).   Under Washington law, a promise is illusory when its provisions make performance optional or discretionary. *See Metropolitan Park Dist. of Tacoma (METRO) v. Griffith*, 106 Wn.2d 425, 434, 723 P.2d 1093 (1986) ("[a] supposed promise is illusory when its provisions make its performance optional or discretionary on the part of the claimed promisor," citing *Wharf Restaurant, Inc. v. Port of Seattle*, 24 Wn. App. 601, 609, 605 P.2d 334 (1979)).

In the *METRO* case, the park district sought to invalidate its exclusive concession contract with a private concessionaire.  The park district argued that the parties' contract gave the district discretion to decide whether to allow the concessionaire to open additional concessions and whether to allow improvements to the existing concession facilities.   Because the court found the terms of the contract gave the park district complete discretion on additions and improvements, the *METRO* Court held that the claimed promises to open additional concessions and to allow improvements were illusory and, therefore, unenforceable.  The instant case is similar to *METRO*.  Paragraph 3 of the Proposed Settlement Agreement provides that "[a]ll of the provisions of this paragraph are conditioned upon the enactment of [a digital billboard] Ordinance," yet the second Paragraph 14[4] of the Proposed Settlement Agreement provides that "[n]othing in this Agreement shall require the City to enact any ordinance."  Just as the park district in the *METRO* case was under no enforceable obligation to open additional concessions or

---

[4] Note that there are two paragraphs numbered 14 on pages 4 and 5 of the parties' Proposed Settlement Agreement; the second Paragraph 14, which is at issue here as illusory, should be numbered Paragraph 15.

CITY OF TACOMA'S RESPONSE TO DEFENDANT'S
MOTION TO DIMISS COMPLAINT FOR
DECLARATORY JUDGMENT TO INVALIDATE
SETTLEMENT AGREEMENT (3:11-cv-05747-BHS) - 11

KENYON
DISEND

Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel:  (425) 392-7090
Fax: (425) 392-7071

to allow improvements, the City was under no legally enforceable obligation to enact a digital billboard ordinance. Despite the City's good faith, albeit unsuccessful, efforts to enact a digital billboard ordinance, the City retained complete discretion to not pass such an ordinance. Based on the City's complete discretion, the Proposed Settlement Agreement is invalid as illusory from its inception.

Clear Channel relies on *Taylor v. Shigaki*, 84 Wn. App. 723, 730, 930 P.2d 340, 344 (1997), for the proposition that "[a] court will not give effect to interpretations that would render contract obligations illusory." The *Taylor* case actually supports the City's position. In *Taylor*, a plaintiff in a personal injury action used an attorney's services to obtain a settlement offer from a tortfeasor's insurer and then fired his attorney before accepting the settlement offer to escape paying a contingency fee. *Id*. at 725-28. Under these circumstances, the court found that the attorney had substantially performed and thus earned the contingency fee and that the obligation to pay the fee could not be unilaterally avoided. *Id*. at 730. The *Taylor* court declined to give effect to the injured plaintiff's interpretation since it would render the contract obligations illusory. *Id*. Here, although an ordinance allowing digital billboards did not pass, Clear Channel nevertheless seeks to bind the City to pay fair market value for nonconforming billboard removal. Clear Channel's "gotcha" tactic against the City is similar to the injured plaintiff's "gotcha" tactic against his attorney. The only difference is that while the injured plaintiff sought to unilaterally avoid paying his attorney's contingency fee, Clear Channel seeks to unilaterally bind the City to pay fair market value for nonconforming billboard removal. Such a result should not be sanctioned.



Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel: (425) 392-7090
Fax: (425) 392-7071

C.  The Proposed Settlement Agreement Contained a Condition Precedent that Until Met, Precluded Contract Formation.

There are two types of conditions precedent in the law of contracts.  There is a condition precedent to the *formation* of a contract and a condition precedent to the *performance* of a contract.  Richard A. Lord, *A 13 Lord, Williston on Contracts,* Section 38:4, p. 375 (4th ed. 2000).  Conditions precedent to performance under an existing contract arise from the terms of a valid contract and define an event that must occur before a right or obligation matures under the contract.  In contrast, conditions precedent to the *formation* of a contract involve issues of offer and acceptance which precede and determine the formation of a contract.  *Corbin on Contracts,* Section 628 (1960 and Supp. 1999); *Restatement Second of Contract*s, Section 224 (1979).  Whether conditions are considered prerequisites to formation of a contract or prerequisites to an obligation to perform under an existing agreement is controlled by the **intent of the parties**.  *Western Commerce Bank v. Gillespie,* 108 N.M. 535, 537, 775 P.2d 737 (1989); *Hohenberg Bros. Co. v. George E. Gibbons,* 537 S.W.2d 1, 3 (Tex. 1976).  In order to ascertain the intent of the parties, as required for this analysis, the court may consider extrinsic evidence of the surrounding circumstances under which the contract is made.  *Berg v. Hudesman,* 115 Wn.2d 657, 801 P.2d 222 (1990).  The *Berg* Court adopted the interpretation process as the framework to analyze contract issues, holding that **extrinsic evidence** is **admissible** as to the entire circumstances under which a contract was made, as an aid in ascertaining the parties' intent, and regardless of whether the contract language is deemed ambiguous. In so doing, it adopted the *Restatement (Second) of Contracts* § 212(2) (1981), which provides, in part, that "[a] question of interpretation of an integrated agreement is to be

KENYON DISEND

Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel: (425) 392-7090
Fax: (425) 392-7071

determined by the trier of fact if it depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence." _See Berg,_ 115 Wn.2d at 667–68.  In determining the parties' intent, the court must also view "'the contract as a whole, the subject matter and objective of the contract, all the circumstances surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of respective interpretations advocated by the parties.'" _Id._ at 667 (_quoting Stender v. Twin City Foods, Inc.,_ 82 Wn2d 250, 254, 510 P.2d 221 (1973)).  In this case, the Proposed Settlement Agreement, the circumstances surrounding its drafting, and the subsequent acts and conduct of the parties all support the City's position that passage of a sign code amendment allowing digital billboards was a condition precedent to the formation of the parties' contract.

Clear Channel argues that the parties' agreement was an "alternative performance contract"[5] and that the Proposed Settlement Agreement gave the City the choice of either passing an ordinance allowing digital billboards **or** paying fair market value for billboard removal.  In support of the alleged alternative performances, Clear Channel relies on Paragraph 4 of the Proposed Settlement Agreement, "Vested Rights," which it argues binds the City to pay fair market value for any billboard signs if removal is required "at some future date," even absent passage of a digital billboard ordinance.  An alternative performance contract is an agreement where "a party promises to render some one of two or more alternative performances either one of which is mutually agreed upon as the bargained-for equivalent given in exchange for the return performance by the other party."  _Chandler v. Doran Co._, 44 Wn.2d 396, 401, 267 P.2d 907 (1954) (_quoting 5_

---

[5] _See_ Motion to Dismiss Complaint, Dkt. No. 14 at 10 - 11.



Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel:  (425) 392-7090
Fax: (425) 392-7071

*Corbin on Contracts* § 1079, at 379).   An alternative performance contract was recognized in *Bellevue Sch. Dist. No. 405 v. Bentley*, 38 Wn. App. 152, 155, 684 P.2d 793 (1984), wherein a teacher's contract gave her the choice of either returning to work or returning the salary paid to her while on sabbatical leave.   <u>See</u> *Bellevue Sch. Dist. No. 405*, 38 Wn. App. at 156.   The *Bellevue* court explained that what distinguishes an alternative performance provision from a liquidated damages clause is that parties to an alternative performance contract intend to give a real option to the performing party and do not intend for one of the options to function as a device to assure performance of the other option.   *Id.* at 155.   Whether the obligated party was given a "real option" depends on "whether the money payment [option] is equivalent to performance of the [other] option, and the relative values of the performances."   *Id.* at 156.   Because the relative value of the alternative performances can change over time, Washington courts instruct that "[t]he time at which the value of the alternatives is to be judged is at the time of contracting."   *Id.* (citing *Corbin*).

Applying these factors to the instant case demonstrates that the Proposed Settlement Agreement is not an alternative performance contract.   First, the plain terms of the Proposed Settlement Agreement do not lend support to Clear Channel's proffered interpretation that the City had a clear choice of either passing an ordinance allowing digital billboards or paying fair market value for removal of existing nonconforming billboards.   The Agreement does not contain the hallmark of an alternative performance contract – plainly, it is not stated in the alternative.   There are no terms in the Proposed Settlement Agreement that state the City must *either* pass a digital billboard code *or* pay fair market value for the removal of all nonconforming billboards.   The promise was not

CITY OF TACOMA'S RESPONSE TO DEFENDANT'S
MOTION TO DIMISS COMPLAINT FOR
DECLARATORY JUDGMENT TO INVALIDATE
SETTLEMENT AGREEMENT (3:11-cv-05747-BHS) - 15



Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel: (425) 392-7090
Fax: (425) 392-7071

expressed in the alternative and this is fatal to Clear Channel's self-serving argument. *See*, *e.g.*, *Bellevue Sch. Dist. No. 405, supra*, 38 Wn. App. at 155 (if teacher took paid sabbatical, teacher must *either* work for two more years *or* repay the sabbatical wages); *Anderson v. Rexroad*, 180 Kan. 505, 306 P.2d 137 (1957) (Contractor promised to repair damage *or* make amicable settlement for such damage).

In addition, the relative value of the alleged alternative performance options defeats Clear Channel's claim that the Proposed Settlement Agreement is an alternative performance contract. To begin, the terms of Paragraph 4 of the Proposed Settlement Agreement are indefinite as to how fair market value will be determined and when it will be paid.  Thus, the relative value cannot be adequately assessed.  Further, the parties' negotiations on the fair market value provision demonstrate that the intent behind Paragraph 4 of the Proposed Settlement Agreement was to protect Clear Channel's investment in digital billboards in the event such billboards were allowed, not to bind the City to pay an indefinite sum of money at some unknown future date.  *See Kerslake Decl.* at 2, ¶ 7; at 3 – 4, ¶¶ 10 - 12.  These terms are so indefinite as to lack enforceability. *Keystone Land and Dev. Co. v. Xerox Corp.*, 152 Wn.2d 171, 178, 94 P.3d 945 (2004) ("The terms of a contract must be sufficiently definite."); *see also*, *Sandeman v. Sayres*, 50 Wn.2d 539, 541-42, 314 P.2d 428 (1957) (observing if a term is so "indefinite that a court cannot decide just what it means, and fix exactly the legal liability of the parties," there cannot be an enforceable agreement).  Second, the relative values of the alleged alternate performances are not comparable.  The relative value of enacting an ordinance in no way equates to the alternative performance of paying untold millions of dollars in "fair market value," which sums the parties would undoubtedly dispute through

CITY OF TACOMA'S RESPONSE TO DEFENDANT'S
MOTION TO DIMISS COMPLAINT FOR
DECLARATORY JUDGMENT TO INVALIDATE
SETTLEMENT AGREEMENT (3:11-cv-05747-BHS) - 16

KENYON DISEND

Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel: (425) 392-7090
Fax: (425) 392-7071

competing expert testimony, for the removal of billboards at an unknown future date.  **At best, such indefinite terms are merely an "agreement to agree," that is, "an agreement to do something which requires a further meeting of the minds of the parties and without which it would not be complete," and such agreements are unenforceable in Washington**.  *Keystone Land and Dev. Co.,* 152 Wn.2d at 175-76 (citing *Sandeman*, 50 Wn.2d at 541-42), at 180 (citing *Sandeman*, *supra*; *Wharf Restaurant, supra,* 24 Wn. App. at 609); *Johnson v. Star Iron & Steel Co.,* 9 Wn. App. 202, 206, 511 P.2d 1370 (1973)).  Moreover, this fanciful argument defies logic.  If there had been a meeting of the minds regarding the fact that this was an alternative contract, why was the effective date and execution delayed until the code development process had run its course?  Why was an amendment needed to extend the acceptance deadline, based on the delays to the code development process?  There would have been no need for Clear Channel to wait to make the agreement effective.  This argument underscores the Clear Channel's desperate post-hoc attempt to make something from nothing.  The instant facts do not support interpretation of the Proposed Settlement Agreement as an alternative performance contract.  When the City's efforts to pass a digital billboard ordinance failed, the Proposed Settlement Agreement also failed.  Failure of the underlying condition precedent – enactment of a digital billboard ordinance – voided the entire agreement and sent the parties back to the status quo that existed prior to the settlement efforts.



Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel:  (425) 392-7090
Fax: (425) 392-7071

D.  <u>The City Unequivocally Withdrew its Offer to Settle Prior to Clear Channel's</u>
<u>Purported Execution of the Proposed Settlement Agreement</u>.

As discussed herein, the Proposed Settlement Agreement remained unsigned by

Clear Channel for twelve months, while awaiting a condition precedent to contract

formation to be met, namely, passage of a digital billboard ordinance.  During that time,

Clear Channel's power to accept the City's offer of settlement was terminated by three

separate events:  (1) Communication to Clear Channel's Real Estate Manager/negotiator

that the City's offer was revoked and that the "deal was dead"; (2) A counteroffer

proposed by Clear Channel; and (3) Communication to Clear Channel's appointed

representative that the condition precedent could not be fulfilled and as such, the offer to

settle was no longer viable.  *Kerslake Decl.* at 6 - 7, ¶¶ 22, 23, and 24.  As a result of this

clear revocation, Clear Channel's purported execution/acceptance of the agreement was

ineffective.

"An offeree's power of acceptance may be terminated by a rejection or counter-

offer by the offeree . . . or revocation by the offeror . . . in addition, an offeree's power of

acceptance is terminated by the non-occurance of any condition of acceptance under the

term of the offer."  *Restatement (Second) of Contracts,* § 36 (1981).  In this case, all three

methods of termination were utilized.  On June 10, 2011, the City notified Michael

Mayes, Clear Channel's Real Estate Manager and the individual appointed by Clear

Channel to be the City's primary point of contact, that the "deal was dead."  *Kerslake*

*Decl.* at 6, ¶ 22.  Clear Channel, through its manager, acknowledged this fact and

indicated that it had heard all of the public testimony and testimony from the Planning

Commission and City Council and understood that the "deal was dead" and could not

KENYON
DISEND

Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel: (425) 392-7090
Fax: (425) 392-7071

proceed unless new terms were agreed to that addressed the public's issues/perception.[6]
*Id.*  Again on June 14, 2011, the Mayor of Tacoma, at a public meeting stated that many of the terms of the agreement could not be implemented and that the City would be developing a code without regard to the Proposed Settlement Agreement.  *Id.* at 6 - 7, ¶ 23.  Following those statements, Clear Channel evidenced its understanding that the offer had been withdrawn, by proposing a counteroffer.  On June 15, 2011, the City received a call from Michael Mayes with new terms for the City to consider.  *Id.* at ¶ 24.  This proposal involved new locations for digital billboards along state highways, rather than on city streets.  It also involved the City teaming up with Clear Channel to lobby the state legislature to pass a bill which would enable such highway billboard location.  *Id.*  This is fatal to Clear Channel's motion to dismiss.  By making a counteroffer, Clear Channel acknowledged the City's revocation and terminated its ability to accept the original offer.  *See, Normile v. Miller,* 313 N.C. 98, 326 S.E. 2nd 11, 19 (1985) (defendant had rejected an offer by making a counteroffer.  The revocation of the offer renders the offeree powerless to revive the offer by any subsequent attempts to accept).

Clear Channel makes four arguments to support its claim that the settlement agreement was effective upon the City's signature and therefore could not be revoked, as follows:  (1) The City executed the agreement; (2) Clear Channel provided consideration for that execution; (3) The Settlement Agreement went into effect; and (4), By amendment, the parties extended the date for Clear Channel to sign the agreement.  Dkt. No. 14, at 12.  This argument belies the language of the agreement and the post-negotiation conduct of Clear Channel:  (1) The City signed the agreement as an offer to

---

[6] These statements are admissible pursuant to FRE 801 (d)(2) (C) and (D).

CITY OF TACOMA'S RESPONSE TO DEFENDANT'S
MOTION TO DIMISS COMPLAINT FOR
DECLARATORY JUDGMENT TO INVALIDATE
SETTLEMENT AGREEMENT (3:11-cv-05747-BHS) - 19



Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel: (425) 392-7090
Fax: (425) 392-7071

settle the matter *under certain conditions*; (2) As discussed in Section II.B, above, the dismissal of the lawsuit, without prejudice, was illusory and revocable, and as such could not form the basis for consideration; and (3) The agreement clearly states that it is not effective until all parties have signed the same.  Proposed Settlement Agreement, Dkt. No. 1 at 24, ¶ 1; at 27, ¶ 7.  Thus, the Proposed Settlement Agreement did not become effective prior to the City's revocation.  Further, the purpose of the amendment was not to give Clear Channel more time to contemplate its acceptance, but rather to see if the condition precedent to contract formation could be accomplished.  This again supports the City's position that the entire Proposed Settlement Agreement hinged on passage of a digital billboard code.  *See Kerslake Decl.*, Ex A.  Moreover, Clear Channel's counteroffer served to reject the City's offer to settle this case.

The City's withdrawal of its offer of settlement was timely and effective.[7]  Clear Channel's argument that the City could not withdraw the offer of settlement "before the option period expired"[8] mischaracterizes the nature of the parties' agreement.  The Proposed Settlement Agreement is <u>not</u> an option contract.  "Generally, an option is a unilateral contract which may be accepted by the optionee only by performance in accordance with its terms."  *General Telephone Co. v. C-3 Assocs.*, 32 Wn. App. 550, 551, 648 P.2d 491 (1982); *Pardee v. Jolly*, 163 Wn.2d 558, 568, 182 P.3d 967 (2008) (seeking specific performance of option to purchase real property).  Most commonly,

---

[7] Even if the Court agrees with Clear Channel that this is somehow an "option contract," paragraph 5 of the Proposed Settlement Agreement clearly states that consideration for the "option" was the purported dismissal of the prior lawsuit *and* the "payment by Clear Channel to the City of $100.00."  This $100 payment was never made prior to the City's withdrawal; thus, Clear Channel's so-called "option" was not supported by the consideration specified in the Proposed Settlement Agreement.

[8] *See* Motion to Dismiss Complaint, Dkt. No. 14 at 12.

CITY OF TACOMA'S RESPONSE TO DEFENDANT'S MOTION TO DIMISS COMPLAINT FOR DECLARATORY JUDGMENT TO INVALIDATE SETTLEMENT AGREEMENT (3:11-cv-05747-BHS) - 20



Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel: (425) 392-7090
Fax: (425) 392-7071

option contracts arise in the vendor-purchaser context and involve options to purchase real estate in accordance with the terms of the option; such contracts give the option holder the right, but not the obligation, to buy or sell something, usually real property. The City has found no cases analyzing option contracts outside of the real estate, stock or commodities contexts.  The deal contemplated by the City and Clear Channel does not fit the option contract mold.  It did not involve buying or selling anything.  Reviewed in its entirety, it is abundantly clear that the Proposed Settlement Agreement is not a true option contract.  Although the heading of Paragraph 6 is "Option Period," this paragraph does not operate to bind the City to pass the contemplated ordinance, which is the crux of the Proposed Settlement Agreement.  Instead, the purpose of Paragraph 6 was to allow Clear Channel to take a "wait and see" approach prior to execution of the Proposed Settlement Agreement to see if, in fact, the City would adopt an ordinance allowing digital billboards.  The "wait and see" approach made sense under these unique circumstances because the parties were well aware that the City could not be legally bound to pass legislation allowing digital billboards.  If a digital billboard ordinance did pass, however, then Paragraph 6 gave Clear Channel 30 days to execute the Proposed Settlement Agreement.  Initially, the so-called "option period" was six months.  When no digital billboard ordinance passed in that time, the parties executed a "First Amendment to Settlement Agreement" extending the "wait and see" period to August 15, 2011.  The "wait and see" approach taken by the parties in no way undercut the City's ability to withdraw the Proposed Settlement Agreement once it became apparent that a digital billboard ordinance lacked sufficient votes to pass.



Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel: (425) 392-7090
Fax: (425) 392-7071

Clear Channel has failed to meet its burden on this claim.  There are ample facts to support the City's claim that it revoked its offer of settlement prior to execution by Clear Channel.

III.   <u>CONCLUSION</u>

As demonstrated herein, Clear Channel's 12(b)(6) motion must be denied. Despite Clear Channel's desire to re-write the history of the Proposed Settlement Agreement, the evidence clearly demonstrates that the contract was illusory, that the Proposed Settlement Agreement's formation was premised on a condition precedent that did not occur, and that, even assuming the Proposed Settlement Agreement was valid, the City revoked its offer prior to Clear Channel's execution of said agreement.  The parties' negotiations, both before and after execution of the Proposed Settlement Agreement, and Clear Channel's statements against interest all undermine its arguments.  By executing the Proposed Settlement Agreement after the City had communicated that it could not pass the contemplated ordinance, Clear Channel engaged in a calculated scheme to gain an advantage that was not mutually agreed upon – the payment for fair market value of its non-conforming billboard inventory.  These "gotcha" tactics should not be condoned by this Court.  The City respectfully requests that the Court deny Clear Channel's motion and allow this case to proceed.

CITY OF TACOMA'S RESPONSE TO DEFENDANT'S
MOTION TO DIMISS COMPLAINT FOR
DECLARATORY JUDGMENT TO INVALIDATE
SETTLEMENT AGREEMENT (3:11-cv-05747-BHS) - 22



Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel: (425) 392-7090
Fax: (425) 392-7071

1

2          DATED this 17th day of October, 2011.

3                                              KENYON DISEND, PLLC

4
                                               By     s/Shelley M. Kerslake
5                                                    s/ Shelley M. Kerslake, # 21820
                                                     KENYON DISEND, PLLC
6                                                    11 Front Street South
                                                     Issaquah, Washington 98027-3820
7                                                    Telephone: (425) 392-7090
                                                     Fax: (425) 392-7071
8                                                    E-mail:  Shelley@KenyonDisend.com
                                                     Attorneys for Plaintiff,
9                                                    City of Tacoma

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CITY OF TACOMA'S RESPONSE TO DEFENDANT'S
MOTION TO DIMISS COMPLAINT FOR
DECLARATORY JUDGMENT TO INVALIDATE
SETTLEMENT AGREEMENT (3:11-cv-05747-BHS) - 23



Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel:  (425) 392-7090
Fax: (425) 392-7071

**DECLARATION OF SERVICE**

I, Kathy I. Swoyer, declare and state:

1.  I am a citizen of the State of Washington, over the age of eighteen years, not a party to this action, and competent to be a witness herein.

2.  On the 17th day of October, 2011, I electronically filed the foregoing *City of Tacoma's Response to Defendant's Motion to Dismiss Complaint for Declaratory Judgment to Invalidate Settlement Agreement; the Declaration of Shelley Kerslake in Support of City of Tacoma's Opposition to Defendant's Motion to Dismiss;* and the *Declaration of Chris Bacha in Support of City of Tacoma's Opposition to Defendant's Motion to Dismiss* document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Paul R. Taylor<br>Steven C. Minson<br>Byrnes Keller Cromwell LLP<br>1000 Second Ave., 38th Floor<br>Seattle, WA  98104 | ☐ First Class, U.S. Mail, Postage Prepaid<br>☐ Legal Messenger<br>☐ Overnight Delivery<br>☐ Facsimile<br>XX  E-Mail:<br>ptaylor@byrneskeller.com<br>sminson@byrneskeller.com<br>ccoleman@byrneskeller.com |
| Joseph R. Guerra<br>Mark D. Hopson<br>Sidley Austin LLP<br>1501 K Street, N.W.<br>Washington D.C., 20005 | ☐ First Class, U.S. Mail, Postage Prepaid<br>☐ Legal Messenger<br>☐ Overnight Delivery<br>☐ Facsimile<br>XX  E-Mail:<br>jguerra@sidley.com<br>kwiorski@sidley.com<br>mhopson@sidley.com<br>clott@sidley.com<br>gtodd@sidley.com |



Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel:  (425) 392-7090
Fax: (425) 392-7071

1    I declare under penalty of perjury under the laws of the State of Washington that the

2  foregoing is true and correct.

3    DATED this 17th day of October, 2011 at Issaquah, Washington.

4

5    _____

6    Kathy I. Swoyer

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CITY OF TACOMA'S RESPONSE TO DEFENDANT'S
MOTION TO DIMISS COMPLAINT FOR
DECLARATORY JUDGMENT TO INVALIDATE
SETTLEMENT AGREEMENT (3:11-cv-05747-BHS) - 25



Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820
Tel: (425) 392-7090
Fax: (425) 392-7071