Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITY OF TACOMA, a municipal corporation, | ) |
| | ) No. C11-5747 BHS |
| Plaintiff, | ) |
| | ) DEFENDANT'S REPLY IN SUPPORT OF |
| v. | ) MOTION TO DISMISS COMPLAINT FOR |
| | ) DECLARATORY JUDGMENT TO |
| CLEAR CHANNEL OUTDOOR, INC., a | ) INVALIDATE SETTLEMENT |
| Delaware corporation, | ) AGREEMENT |
| | ) |
| Defendant. | ) NOTE ON MOTION CALENDAR: |
| | ) OCTOBER 21, 2011 |
| | ) |
| | ) ORAL ARGUMENT REQUESTED |

## INTRODUCTION

The City's complaint should be dismissed because the relief it seeks—a declaration that the Settlement Agreement is, and always was, an unenforceable nullity—is refuted by the express and unambiguous language of that contract. The Settlement Agreement makes clear that the consideration the City provided in exchange for Clear Channel's dismissal of its lawsuit was not an unenforceable promise to enact an ordinance permitting digital billboards. Nor was such an ordinance a condition precedent to the City's obligations. Rather, in exchange for dismissal of the lawsuit, the City (i) expressly "acknowledge[d]" Clear Channel's vested rights with

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
COMPLAINT FOR DECLARATORY JUDGMENT TO
INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  respect to its existing conforming and legally nonconforming billboard signs and relocation

2  permits, Doc. #1 at p. 25 of 70, ¶ 4, and (ii) agreed to provide two potential forms of

3  compensation for Clear Channel's loss of those vested rights: (a) "permits to construct ten

4  digital bulletin billboards," *id.* at ¶ 2; or (b) "the fair market value of those interests" if the City

5  required Clear Channel to remove billboards "***other than in connection with the construction of***

6  ***digital billboards***," *id.* at p. 26 of 70, ¶ 4 (emphasis added).

   The City now pretends that the language of the Settlement Agreement does not exist. Its

   22-page opposition includes only a handful of passing references to the actual terms of the

   Agreement, and fails to quote the text of paragraph 4, much less identify any ambiguity in the

   terms of this crucial provision that could be construed in its favor. Instead, the City has filed

   attorney declarations that impermissibly contradict the language of the Settlement Agreement,

   and ask the Court to write a new contract based on the subjective intent of the City. Indeed, its

   opposition renames the parties' contract the "***Proposed*** Settlement Agreement."

   To justify this effort, the City claims that Clear Channel is playing "a game of 'gotcha'"

   to "obtain an unjust victory." Opp'n at 2, 4, 12. But the City ignores the context in which the

   Settlement Agreement arose. In the prior litigation, Clear Channel mounted substantial

   constitutional and other challenges to the City's ability to define certain existing billboards as

   "nonconforming" and order Clear Channel to remove nearly 200 billboards without just

   compensation or face fines and penalties. Compl. ¶¶ 4.2-4.3. Paragraph 4 of the Settlement

   Agreement acknowledged Clear Channel's "vested rights" in existing signs, while paragraph 5

   acknowledged the City's police power and ability to regulate billboards.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
COMPLAINT FOR DECLARATORY JUDGMENT TO
INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

It was thus not "illogical" for the parties to delay the effective date and execution until the code development process had run its course. Opp'n at 17. Until then, Clear Channel could not know what it would receive for signing the Agreement and surrendering its lawsuit. Once the City decided not only to prohibit digital billboards but also to continue to "pursue removal of non-conforming billboards in the future," Compl. ¶ 4.10, Clear Channel had to decide whether it preferred an assurance of fair market value for its signs or the right to resume its full frontal assault on the City's regulation of its existing signs. Electing the former option and contractually acknowledging the City's regulatory authority is not a game of "gotcha." And Clear Channel's commercially sensible decision to await the outcome of the code development process to see what it was getting by executing the Settlement Agreement does not permit the City to re-write the terms of that contract.

## I.     **The City Is Estopped From Denying the Validity of the Settlement Agreement**

All of the elements necessary for judicial estoppels are satisfied here. The City necessarily represented that the Settlement Agreement was binding, and the Court was necessarily persuaded by this representation, because only a valid agreement would justify dismissal of Clear Channel's suit. The City did *not* represent to the Court its current position that the Settlement Agreement "is invalid as illusory from its inception." Opp'n at 12. It is inconceivable that Clear Channel would have stipulated to dismissal "subject to the terms and conditions in the attached Agreement Re Dismissal of Lawsuit, *which is "illusory," "unenforceable," and "violates state law,"* Compl. ¶¶ 6.2, 10.1 (emphasis added), or that this Court would have accepted such a stipulation without questioning it. The fact that the dismissal was without prejudice, or that Agreement itself was not submitted for Court approval, Opp'n at

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
COMPLAINT FOR DECLARATORY JUDGMENT TO
INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

7-8, does not alter the fact that the City has taken clearly inconsistent positions.[1] And that inconsistency can hardly be attributed to "inadvertence or mistake." *Johnson v. Oregon Dep't of Human Resources Rehab. Div.,* 141 F.3d 1361, 1369 (9th Cir. 1998).

Nor is it true that the City did not triumph and Clear Channel was not prejudiced. Opp'n at 8-10. The City escaped an imminent trial on the validity of its efforts to remove billboards, and Clear Channel gave up its sunk costs in that litigation and the certainty that would come from a judicial resolution of its claims. The City apparently believes that Clear Channel should be content with receiving, in exchange, an unenforceable promise to try to pass a digital billboard ordinance. But that is not the inducement the City offered or that Clear Channel accepted. Now that the City has decided not to authorize digital billboards and instead to pursue its sign removal efforts, it cannot retroactively convert the Settlement Agreement into a simple stand-still agreement that Clear Channel never accepted and thereby deprive Clear Channel of the option rights it accepted to dismiss its suit. To claim that "Clear Channel has lost nothing as a result of" the City's change in position, Opp'n at 10, is untenable.

In short, if the City is now allowed to contradict its earlier representations upon which this Court acted and Clear Channel relied, the City will obtain an unfair advantage. This Court therefore has equitable discretion to estop the City from pursuing its claims. The City's Complaint should be dismissed with prejudice.

---

[1] Moreover, it is not true that the City has consistently "assert[ed] that ***all*** of the obligations of both parties to the Proposed Settlement Agreement were contingent upon Tacoma's enactment of a digital billboard ordinance." Opp'n at 6. Plainly, the City's promise not to enforce its removal ordinance during the "option period" was not contingent on passage of a digital billboard ordinance.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
COMPLAINT FOR DECLARATORY JUDGMENT TO
INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## II. The Complaint Fails to State a Claim on Which Relief Can Be Granted

Because the City offers no defense of its first and fifth claims for relief (lack of consideration and invalid execution), these abandoned claims should be dismissed. Its remaining claims should also be dismissed because they are inconsistent with the plain terms of the Settlement Agreement, which the City barely cites. Indeed, the City's opposition and accompanying attachments are devoted almost entirely to an improper attempt to re-write the plain language of these agreements.

### A. The Illusory Contract Claim

The City says that the contract is illusory because the City was not obligated to enact a digital billboard ordinance. But the Settlement Agreement also expressly states that, if the City requires Clear Channel to remove its billboards "*other than in connection with the construction of digital billboards* as provided herein[], the City will compensate Clear Channel for the fair market value of those interests." Doc. #1 at p. 26 of 70, ¶ 4 (emphasis added). By its terms, this provision applies if a digital ordinance is not enacted. The City's view that the Agreement *depends* on passage of a billboard ordinance is thus plainly inconsistent with the contract itself. Accordingly, this claim should be dismissed.

### B. The Condition Precedent Claim

The City's failure to address this same critical provision is also fatal to its condition precedent claim. The Settlement Agreement expressly acknowledges that the City is not required to enact any ordinance, Compl. ¶ 14, yet it nowhere states that passage of an ordinance is a condition precedent to all of the City's obligations. To the contrary, the contract only provides that passage of an ordinance is a condition precedent to Clear Channel's ability to construct digital billboards. The limited scope of this condition precedent is made unmistakably clear by the language of paragraph 3, which addresses digital billboards that might be constructed in the future and provides that "[a]ll of the provisions *of this paragraph* are conditioned upon the enactment of an Ordinance." Doc. #1 at p. 25 of 70, ¶ 3 (emphasis added).

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
COMPLAINT FOR DECLARATORY JUDGMENT TO
INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    The City's duty to pay fair market value for billboards removed "***other than in connection with***
2    ***the construction of digital billboards***" appears in paragraph 4, not paragraph 3, and thus is
3    plainly not conditioned on passage of any ordinance.

4    Ignoring the language of the Agreement itself and instead relying on the declarations of
5    its counsel, the City claims that paragraph 4 was designed to apply only if Clear Channel erected
6    digital billboards, and does not require compensation for existing billboards. Opp'n at 16 (citing
7    Kerslake Declaration). But this assertion contradicts the plain terms of the Agreement. The
8    compensation requirement explicitly protects Clear Channel's "vested rights with respect to its
9    ***existing*** conforming and legally nonconforming billboard signs and relocation permits, ***and*** any
10   signs constructed pursuant to the Ordinance." Doc. #1 at p. 25 of 70, ¶ 4 (emphases added).

11   The City also disputes that the Settlement Agreement is akin to an alternative
12   performance contract. It claims that the alternative performances are not expressed in the
13   alternative. But the terms of the Settlement Agreement clearly state that payment is required if
14   billboards must be removed "***other than in connection with***" an exchange of digital billboard
15   permits. This language clearly expresses the alternative nature of this obligation.

16   Nor does *Bellevue Sch. Dist. No. 405 v. Bentley*, 684 P.2d 793 (Wash. App. 1984),
17   support the City's claim that the Settlement Agreement is not an alternative contract because "the
18   relative value of enacting an ordinance in no way equates to the alternative performance of
19   paying untold millions of dollars in 'fair market value.'" Opp'n at 16. In *Bellevue,* the Court
20   asked whether a provision in the contract constituted a choice of alternative performances, or
21   required liquidated damages if one performance was not fulfilled. The City does not explain
22   how the compensation provision in the Settlement Agreement could be read as a liquidated
23   damages clause.[2]

---

25   [2] The City also argues that its commitment to pay fair market value is too vague to be
     enforceable. Opp'n at 16. It did not plead such a claim, however, in its Complaint. And such a
26   claim is groundless in any event. *See Lawrence v. Koehler,* No. 61649-8-I, 2009 WL 2939072,
     at **1, 4 (Wash. App. 2009) (rejecting defendant's contention "that [an] option to purchase was
     invalid because it did not include a basis to determine fair market value") *review denied,* 168

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
COMPLAINT FOR DECLARATORY JUDGMENT TO
INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    In short, the City's condition precedent claim should be dismissed.

2    **C.    The Repudiation Claim**

3    Finally, the City suggests that it had merely extended a revocable "offer" to enter into the Settlement Agreement and that it revoked this offer before Clear Channel executed the Agreement. In fact, in exchange for the valuable consideration of Clear Channel's dismissal of its suit, the City entered into a binding option contract, with an option period recited in both the Settlement Agreement and in the Agreement Re Dismissal of Lawsuit. The option contract between the parties assured that the City would not be able to withdraw its agreement until three weeks after the option period expired. Black letter contract law provides that a party may not revoke such an option during the option period. *See Baker v. Shaw*, 122 P. 611, 613 (1912) ("If a valuable consideration passes from the person to whom the option is given, the party giving it cannot withdraw his offer within the agreed period of time over which the option is to extend." (citation omitted)).

    When Clear Channel exercised its option, the City became immediately bound, based on its prior execution of the contract, to pay the fair market value of any static billboards it required Clear Channel to remove other than in conjunction with digital billboard permits, *see* Doc. #1 at pp. 25-26 of 70, ¶¶ 2, 4. It was entirely within Clear Channel's contractual power to demand and enforce this obligation at any point during the option period.

**III.    The City Cannot Alter the Contract Through Extrinsic Evidence**

    Unable to reconcile its view of the Settlement Agreement with its actual structure and language, the City improperly seeks to alter its terms through extrinsic evidence. The Court should exclude this evidence as inadmissible and, ultimately, irrelevant.

    The City has submitted the self-serving declarations of two of its attorneys, as well as various attachments to those declarations, to support its claim that the entire Settlement

---

Wn.2d 1027, 230 P.3d 1060 (Wash. 2010). Indeed, fair market value is the standard for just compensation in takings cases. *City of Medina v. Cook*, 418 P.2d 1020, 1022 (Wash. 1966).

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
COMPLAINT FOR DECLARATORY JUDGMENT TO
INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Agreement hinged upon passage of a digital billboard ordinance, and that this creates a factual issue that prevents a Rule 12(b)(6) dismissal.  But such extrinsic evidence is not admissible to vary the unambiguous and express terms of the parties' contractual agreements.  The City cites *Berg v. Hudesman,* 801 P.2d 222 (Wash. 1990), to argue that under Washington contract law, "extrinsic evidence is admissible as to the entire circumstances under which a contract was made, as an aid in ascertaining the parties' intent, and regardless of whether the contract language is deemed ambiguous." Opp'n at 13.  According to the City, *Berg* establishes that such evidence is always admissible to determine whether a condition is a prerequisite to formation of a contract or a prerequisite to performance.  *Id.* (citing *Western Commerce Bank v. Gillespie*, 775 P.2d 737 (N.M. 1989) and *Hohenberg Brothers Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1 (Tex. 1976)).[3]

The City does not mention that the Court has clarified *Berg* and explained that it does not approve the introduction of extrinsic evidence of intent where the terms of a contract are clear: "We do not interpret what was intended to be written but what was written."  *Hearst v. Commc'ns, Inc. v. Seattle Times Co.,* 115 P.3d 262, 267 (Wash. 2005).  Noting that "there has been much confusion over the implications of *Berg,*" the Court stated that since *Berg*, it had "explained that surrounding circumstances and other extrinsic evidence are to be used 'to determine the meaning of *specific words and terms used*' and not to 'show an intention independent of the instrument' or to 'vary, contradict, or modify the written word.'" *Id.* at 766-67; *see also Craig Wireless Sys. Ltd v.Clearwire Legacy LLC,* No. C10-1269Z, 2011 WL 4011415 (W.D. Wash. 2011) (same) (quoting *Hearst,* 115 P.3d at 266-67).

Here, the City is not offering extrinsic evidence for the limited, and permissible, purpose of "determin[ing] the meaning of **specific words and terms used**." *Hearst,* 115 P.3d at 267

---

[3] Neither of these out-of-state cases holds that extrinsic evidence is always admissible to determine whether a condition precedent relates to contract formation.  To the contrary, *Hohenberg Bros.*, on which *Western Commerce Bank* expressly relied, stated that, "to determine whether these parties intended that [a particular clause] be a condition precedent to [one parties'] liability it is necessary to construe the contract as a whole."  537 S.W.2d at 3.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
COMPLAINT FOR DECLARATORY JUDGMENT TO
INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 8

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    (internal quotation marks omitted; emphasis added).  Indeed, it does not cite any specific word or
2    term that can be interpreted in its favor based on the intrinsic evidence.  Instead, it is presenting
3    the extrinsic evidence for the impermissible purpose of "show[ing] an intention independent of
4    the instrument" or "vary[ing] . . . the written word."  *Id.* (internal quotation marks omitted).

5           For example, the City cites the Bacha Declaration as evidence that the parties' discussion
6    surrounding paragraph 3 "supported the parties' agreement that the entire Proposed Settlement
7    Agreement was predicated on passage of a code that allowed digital billboards."  Opp'n at 3-4.
8    But as noted, paragraph 3 deals expressly with digital billboards and states that "[a]ll of the
9    provisions ***of this paragraph*** are conditioned upon the enactment of an Ordinance."  Doc. #1 at
10   p. 25 of 70, ¶ 3 (emphasis added).  By its plain terms, paragraph 3 does not limit the requirement
11   of compensation under Paragraph 4, which, as previously noted, expressly requires compensation
12   for Clear Channel's vested rights in "its ***existing*** conforming and legally nonconforming
13   billboard signs and relocation permits, ***and*** any signs constructed pursuant to the [digital
14   billboard] Ordinance."  Doc. #1 at pp. 25-26 of 70, ¶ 4 (emphases added).  The City thus seeks to
15   use the Bacha Declaration to alter the contract's terms.

16          The City's extrinsic evidence at most manifests its *subjective* intent to make passage of a
17   digital billboard ordinance a condition precedent for formation of the contract.  Neither the
18   Kerslake nor the Bacha Declaration provides any evidence suggesting the Clear Channel shared
19   such an intent.  The Kerslake Declaration states that "[a]t no time during the negotiation . . . was
20   the issue of fair market value for billboards discussed."  Kerslake Decl. ¶ 7 (Doc. #18); *see also*
21   *id.* ¶ 11 ("At no time was it discussed that this requested fair market value provision would be
22   applied absent passage of a code allowing for digital billboards."); *id.* ¶ 12 ("At no time was fair
23   market value reimbursement discussed as an 'alternative' removal method 'in lieu of' the City's
24   passage of a digital billboard code.").  The Washington Supreme Court has rejected reliance on
25   extrinsic evidence under such circumstances:

26          > Because extrinsic evidence may be used only to determine
            > the meaning of specific words in the agreement, extrinsic evidence

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
COMPLAINT FOR DECLARATORY JUDGMENT TO
INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 9

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

> about the parties desire to ensure [a specific result] . . . is irrelevant. Furthermore, it is unreasonable to suggest that the absence of any negotiations about the applicability of one clause to another, especially where the clauses do not reference each other, leads to the conclusion that they were intended to apply to one another.

*Hearst,* 115 P.3d at 270 (citation omitted).

To the extent the City attempts to offer extrinsic evidence to show Clear Channel's alleged intent, that evidence impermissibly contradicts the contract. For example, the Kerslake Declaration states that "Clear Channel specifically required that it have the ability [to] retain its right to re-file its lawsuit against the City if such a code were not passed, thereby supporting its statements that the entire Proposed Settlement Agreement hinged on passage of a digital code." Kerslake Decl. ¶ 12 (Doc. #18). In fact, Clear Channel dismissed the lawsuit subject to the terms of the Agreement Re Dismissal of Lawsuit, which gave it a right to re-file its lawsuit if "the City ***fail[ed] to comply with all or a portion of the Settlement Agreement***," *see* Doc. #1 at p. 39 of 70, ¶ 5 (emphasis added). Since the Settlement Agreement expressly stated that the City was ***not*** obligated to pass any ordinance, *see* Doc. #1 at p. 26 of 70, ¶ 5, failure to pass a digital billboard ordinance would not be a failure to comply with its terms.

Finally, the City asserts that "failure to [pass an ordinance permitting digital billboards] would engender further litigation" and that the City "[a]ccordingly . . . attempted in good faith to adopt a billboard code." Kerslake Decl. ¶ 12 (Doc. #18). In fact, failure to pass an ordinance allowing digital billboards simply would prevent the City from requiring sign removal without paying fair market value. It was this compensatory remedy that the City feared and is now trying to avoid. The statement by Mayor Marilyn Strickland that the City attaches to the Kerslake Declaration confirms this: "So in 2010 we entered into a settlement agreement with Clear Channel totally to try to gain the removal of what we desired ***in the least expensive way possible***." Kerslake Decl., Ex. C., at 3:8-13 (emphasis added).[4] The City has since denied itself

---

[4] By acknowledging that the City "***entered into a settlement agreement with Clear Channel***," the Mayor's statement also belies the City's claim that its offer was revocable and withdrawn before it was ever accepted.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
COMPLAINT FOR DECLARATORY JUDGMENT TO
INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 10

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

the opportunity to employ this less costly option. While it was free to make that choice, it cannot re-write the Settlement Agreement in order to deprive Clear Channel of its right to accept an alternative remedy in light of the City's decision to resume its sign removal campaign.

In sum, the extrinsic evidence offered by the City is not admissible to vary the terms of the contract and should be stricken. The contract terms are clear. Insofar as the City had a contrary subjective intent, this intent was not manifested in the terms of the contract and is irrelevant.

## CONCLUSION

For the foregoing reasons, and those set forth in Clear Channel's initial memorandum, the City's complaint should be dismissed in its entirety with prejudice.

DATED this 21st day of October, 2011.

> BYRNES KELLER CROMWELL LLP
>
> By /s/ Paul R. Taylor
>    Paul R. Taylor, WSBA #14851
>    Steven C. Minson, WSBA #30974
> Byrnes Keller Cromwell LLP
> 1000 Second Avenue, 38th Floor
> Seattle, WA 98104
> Telephone: (206) 622-2000
> Facsimile: (206) 622-2522
> Email: ptaylor@byrneskeller.com
>        sminson@byrneskeller.com
>
> *OF COUNSEL*
>
> Mark D. Hopson*
> Gordon D. Todd*
> Joseph R. Guerra*
> SIDLEY AUSTIN LLP
> 1501 K Street, N.W.
> Washington, D.C. 20005
> Telephone: (202) 736-8000
> Facsimile: (202) 736-8711
> Emails: mhopson@sidley.com
>         gtodd@sidley.com
>         jguerra@sidley.com
> *Admitted Pro Hac Vice*
>
> Attorneys for Defendant Clear Channel Outdoor

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT TO INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 11

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on the 21st day of October, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>   Shelley M. Kerslake
>   Kenyon Disend, PLLC
>   11 Front Street South
>   Issaquah, WA  98027-3820

>   /s/ Paul R. Taylor
>   Paul R. Taylor, WSBA #14851
>   Byrnes Keller Cromwell LLP
>   1000 Second Avenue, 38th Floor
>   Seattle, WA  98104
>   Telephone:  (206) 622-2000
>   Facsimile:  (206) 622-2522
>   ptaylor@byrneskeller.com

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
COMPLAINT FOR DECLARATORY JUDGMENT TO
INVALIDATE SETTLEMENT AGREEMENT (C11-5747 BHS) - 12

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000