1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CITY OF TACOMA, a municipal
corporation,

               Plaintiff,

     v.

CLEAR CHANNEL OUTDOOR, INC., a
Delaware corporation,

               Defendant.

CASE NO. C11-5747BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANT'S MOTION TO
DISMISS

       This matter comes before the Court on Defendant Clear Channel Outdoor, Inc.'s
("Clear Channel") motion to dismiss (Dkt. 14). The Court has reviewed the briefs filed in
support of and in opposition to the motion and the remainder of the file and hereby grants
in part and denies in part the motion for the reasons stated herein.

## I.  PROCEDURAL HISTORY

       On August 18, 2011, Plaintiff City of Tacoma ("City") filed a complaint for
declaratory judgment in the Superior Court of the State of Washington for Pierce County.
Dkt. 1 at 14-22 ("Complaint").  On September 16, 2011, the matter was removed to this
Court.  Dkt. 1.

       On September 23, 2011, Clear Channel filed a motion to dismiss.  Dkt. 14.  On
October 17, 2011, the City responded.  Dkt. 16.  On October 21, 2011, Clear Channel
replied.  Dkt. 19.

## II.  FACTUAL BACKGROUND

       This action arises from the parties' dispute over a document entitled "Settlement
Agreement" that was related to the dismissal of a previous action brought by Clear

Channel against the City.  In late 2007, Clear Channel filed an action against the City that was also removed to this Court and assigned to the undersigned.  *See Clear Channel Outdoor, Inc., v. City of Tacoma*, Cause No. 07–CV–5407BHS (W.D. Wash. 2007).  In that action, Clear Channel sought declaratory judgment and injunctive relief to prevent the City from enforcing certain provision of its Land Use Regulatory Code, Tacoma Municipal Code Title 13.  *Id*., Dkt. 1 at 5-20.

Clear Channel alleged that the City amended a portion of its code to remove what were deemed "nonconforming billboards."  *Id*.  Clear Channel asserted that the designation of a nonconforming billboard was based entirely on the content of the message on the billboard.  *Id*.  Clear Channel requested declaratory judgment that the City's code violated several provisions of the United States and Washington Constitutions, and it requested injunctive relief from forced removal and/or fines for failure to remove alleged nonconforming billboards.  *Id*.

On October 13, 2010, the parties submitted a stipulated order of dismissal to the Court (*id*., Dkt. 32), which was signed and entered later that same day (*id*., Dkt. 33).  The order provides as follows: "The undersigned counsel stipulate that this matter is dismissed without prejudice and subject to the terms and conditions in the attached Agreement Re Dismissal of Lawsuit."  *Id*., Dkt. 33.  That attached agreement provides that "[u]pon execution of the attached Settlement Agreement by the City, the parties shall file a Stipulated Dismissal of the lawsuit."  *Id*., Exh. 1.  The referenced Settlement Agreement was not attached to or submitted with the stipulated motion, but it was submitted with the instant motion.  *See* Dkt. 15 at 36–42 ("Settlement Agreement").

The Settlement Agreement contains a Recitals section and an Agreement section. The Recitals sections provides, in part, that the "City is contemplating the enactment of an ordinance . . . ."  The Agreement section contains numerous paragraphs and provisions that need not be reproduced here.  One particular provision entitled "Option Period"

provides that, upon approval of the Settlement Agreement by the City's representatives, the City will deliver the executed document to Clear Channel.  Then, Clear Channel may execute the document within six months.

After the City executed the Settlement Agreement and provided it to Clear Channel, the City failed to pass the contemplated ordinance.  As that six-month deadline approached, the parties signed an amendment extending the option period until August 15, 2011.  On July 26, 2011, the City began contemplating an ordinance banning digital billboards and enforcing its current regulations on nonconforming billboards.  On July 27, 2011, Clear Channel executed the document and delivered it to the City.

On August 18, 2011, the City filed the instant declaratory judgment action "seeking invalidation of the settlement agreement between the parties on the ground that it is unenforceable."  Complaint, ¶ 1.

## III.  DISCUSSION

Clear Channel moves to dismiss the action in its entirety based on the doctrine of judicial estoppel.  In the alternative, Clear Channel moves to dismiss the action for failure to state a claim upon which relief may be granted.

## A.    Judicial Estoppel

"The doctrine of judicial estoppel is an equitable doctrine a court may invoke to protect the integrity of the judicial process."  *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 778 (9th Cir. 2009).  The doctrine was developed to preclude "a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position."  *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).  A party is generally estopped to assert a certain position when:

> 1) the party's current position is "clearly inconsistent" with its earlier position, 2) the party was successful in persuading a court to accept its

earlier position, and 3) the party would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Williams v. Boeing Co.*, 517 F.3d 1120, 1134 (9th Cir. 2008) (internal quotation marks omitted).

In this case, Clear Channel argues that the City should be judicially estopped from asserting that the Settlement Agreement is invalid.  Clear Channel's argument fails for numerous reasons.  First, Clear Channel fails to show that the City's current position is clearly inconsistent with a former position.  The City's current position is that it has valid contract defenses.  Clear Channel fails to show that the City ever represented an inconsistent position to the Court that it waived these defenses.  Based on Clear Channel's logic, a party would waive its defenses to a contract merely by entering into the contract.  That is an illogical proposition and need not be adopted to protect the integrity of the judicial process.

Second, there can be no persuasion of an inconsistent position if the position was never presented in the first place.  Therefore, Clear Channel also fails to show the City was successful in persuading the Court of any earlier position.

Third, Clear Channel has failed to show that the City is deriving an unfair advantage by requesting that the Court determine the validity of parties' agreement.

Therefore, Clear Channel has failed to persuade the Court that it should impose the equitable doctrine of judicial estoppel to preclude the City from prosecuting this action.  The Court denies Clear Channel's motion on this issue.

**B.    Motion to Dismiss and Standard**

In the complaint, the City asserts five causes of action that are as follows: (1) lack of consideration; (2) illusory contract; (3) failure of condition precedent; (4) repudiation of offer; and (5) invalid execution.  Clear Channel moves to dismiss all five arguing that the City fails to state a claim upon which relief may be granted.

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

### 1.     Consideration and Lack of Execution

The City has failed to respond to Clear Channel's motion regarding the City's claims for lack of consideration and invalid execution. *See* Dkt. 16 at 10-25. The Court may consider failure to respond to a portion of a motion an admission that the motion has merit. *See* Local Rule CR 7(b). The Court has reviewed these two claims, Clear Channel's arguments, the City's silence, and the relevant portions of the Settlement Agreement and finds that the City has failed to state plausible claims for relief. Therefore, the Court grants Clear Channel's motion on the City's claim for lack of consideration and claim for invalid execution.

### 2.     Illusory Promise

An illusory promise is a specific type of a claim that the contract is unenforceable because of a lack of consideration. In Washington, a contract must be supported by consideration. *Keystone Land & Dev. Co. v. Xerox Corp.*, 152 Wn.2d 171, 178 (2004). But, if a promise is illusory, there is no consideration and no enforceable contract. *Omni Group, Inc. v. Seattle–First Nat. Bank*, 32 Wn. App. 22, 24–25 (1982). A promise is

illusory if its performance is optional or discretionary.  *Metro. Park Dist. of Tacoma v. Griffith*, 106 Wn.2d 425, 434 (1986) ("*METRO*").

In this case, the City alleges that the Settlement Agreement did not obligate the City to enact a billboard ordinance and, therefore, its promise to do so was illusory.  Complaint, ¶ 6.4.  The City then alleges that because one promise was illusory, the entire Settlement Agreement was illusory.  *Id*.  Clear Channel moves to dismiss this claim arguing that the Settlement Agreement is in effect an alternative agreement in which the City either enacts a billboard ordinance or performs according to paragraph 5 by compensating Clear Channel for regulation of Clear Channel's vested rights.  Dkt. 14 at 9-11.  The Court finds that neither party is entirely correct.

In *METRO*, the court found that two provisions of the parties' agreement were illusory and, therefore, those promises were unenforceable.  106 Wn.2d at 434.  The court, however, found that the existence of some illusory promises in an agreement did not render other provisions of the agreement invalid.  *Id*.

Applying that logic to this case, the City has set forth sufficient allegations to state a plausible claim for at least some relief.  Paragraph 3 of the agreement states that all provisions of that paragraph are conditioned upon the enactment of an ordinance.  The second paragraph 14 of the agreement provides that the City was under no obligation to enact any ordinance.  Therefore, the Court denies Clear Channel's motion to dismiss the City's illusory promise claim because at least one promise may be illusory.

### 3.    Condition Precedent

A condition precedent is an event occurring after the making of a valid contract which must occur before a right to immediate performance arises.  *Koller v. Flerchinger*, 73 Wn.2d 857, 860 (1968).  In contrast to the breach of a promise, which subjects the promisor to liability for damages but does not necessarily discharge the other party's duty of performance, the nonoccurrence of a condition prevents the promisee from acquiring a

right or deprives him of one but subjects him to no liability. *Ross v. Harding*, 64 Wn.2d 231, 236 (1964).

> Whether a provision in a contract is a condition, the nonfulfillment of which excuses performance, depends upon the intent of the parties, to be ascertained from a fair and reasonable construction of the language used in the light of all the surrounding circumstances.

*Ross*, 64 Wn.2d at 236 (citing 5 Williston, Contracts (3d ed.) § 663, p. 127); *Koller*, 73 Wn.2d at 860.  Where it is doubtful whether words create a promise or an express condition, they are interpreted as creating a promise. *Ross*, 64 Wn.2d at 236.  An intent to create a condition is often revealed by such phrases and words as "provided that," "on condition," "when," "so that," "while," "as soon as," and "after." *Vogt v. Hovander*, 27 Wn. App. 168, 178 (1979).

In this case, the City's allegations are inconsistent with its briefing on this issue. With regard to the former, the City alleges that the Settlement Agreement

> provides an express condition precedent that the City must enact a new billboard ordinance before Clear Channel will be allowed to construct ten new digital billboard signs in exchange for removal of over 50 existing billboard signs in the City.
>
> ***
>
> Because the City has not fulfilled the valid condition precedent, Clear Channel is not entitled to specific performance or damages and the Agreement is unenforceable.

Complaint, ¶¶ 7.2, 7.4.  This clearly provides that the City's performance of enacting an ordinance was a condition precedent to Clear Channel's performance of constructing digital billboards.  The City also makes a leap by concluding that because one condition precedent did not occur, the entire agreement is unenforceable.

On the other hand, in its briefing, the City argues that the enactment of an ordinance was a condition precedent to *formation* of the contract. Dkt. 16 at 13–16. Relying on out-of-state cases, the City asserts that a condition precedent to formation is controlled by the intent of the parties. *Id*. at 13.  Then, the City argues that, in

ORDER - 7

Washington, courts may allow extrinsic evidence to determine the reasonable interpretation of each party. *Id*. at 13-14.

Notwithstanding the City's confusing positions, the City has provided sufficient allegations that state a claim for at least some relief.  Paragraph 3 of the Settlement Agreement provides that "[a]ll of the provisions of this paragraph are conditioned upon the enactment of an Ordinance . . . ."  Whether this condition is precedent to formation or to performance need not be determined at this point of the proceeding because it is sufficient to allege the existence of the condition and that it did not occur. This is an issue that appears to be more appropriate in a motion for summary judgment. Construing the allegations and the contract language in the light most favorable to the City, it has met its burden as to the pleadings.

Similarly, Clear Channel's position that the Settlement Agreement includes alternative promises instead of a condition precedent requires the Court to look beyond the sufficiency of the pleading and interpret the language of the contract in Clear Channel's favor.  This exercise is beyond the scope of the instant motion.  Therefore, the Court denies Clear Channel's motion on the City's claim that the Settlement Agreement contained a condition precedent.

### 4.    Repudiation

Generally, offers may be revoked until the time of acceptance.  *Central Puget Sound Regional Transit Authority v. Heirs and Devisees of Eastey*, 135 Wn. App. 446, 454 (2006).  An offeree's power of acceptance is terminated "when the offeree receives from the offeror a manifestation of an intention not to enter into the proposed contract." *Id*.  An exception to this general rule is when the parties enter into an option contract, which is "a complete, valid and binding agreement by the terms of which a collateral offer is kept open for a specified period of time."  *Bennett Veneer Factors, Inc. v. Brewer*, 73 Wn.2d 849, 854 (1968).

In this case, the City alleges that on June 14, 2011, the Mayor of Tacoma, Marilyn Strickland, announced during a public meeting that "the Agreement between the City and Clear Channel could not be implemented."  Complaint, ¶ 8.3.  The City concludes that it "effectively withdrew its offer prior to Clear Channel's execution of the Agreement."  *Id*. Clear Channel moves to dismiss this claim on the basis that the Settlement Agreement was clearly an option contract.  The Court agrees.  Paragraph 6 of the Settlement Agreement is entitled "Option Period" and provides that the City "grants Clear Channel the option, in Clear Channel's sole discretion, of executing this Agreement at any time within six (6) months of the Approval Date (the '6 Month Option Period')."   The City's arguments that this provision establishes something other than an option contract are without merit because contract language could not be more clear or unambiguous. *See Mayer v. Pierce County Med. Bureau*, 80 Wn. App. 416, 420 (1995) (interpretation of an unambiguous contract term is a question of law).

The City does argue, in a footnote and citing paragraph 5 instead of 6, that Clear Channel's option was not supported by the consideration specified in the Settlement Agreement.  *Id*. at 20 n. 7.  The City claims that in return for the option to execute the agreement, Clear Channel promised to dismiss the prior lawsuit and pay $100 to the City. *Id*.  The City asserts that Clear Channel failed to pay the City and, therefore, the option was not supported by consideration.  *Id*.  The City appears to confuse partial performance or breach with failure of consideration.  Regardless, the City has failed to assert any allegation in its pleading that either the option or the extension of the option was not supported by adequate consideration.

Therefore, the Court grants Clear Channel's motion on this issue and dismisses the City's claim that it repudiated the Settlement Agreement.

1

**IV.  ORDER**

2        Therefore, it is hereby **ORDERED** that Clear Channel's motion to dismiss (Dkt.

3   14) is **GRANTED in part** and **DENIED in part** as stated herein.

4        DATED this 5th day of December, 2011.

5

6

7   BENJAMIN H. SETTLE
    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28