The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITY OF TACOMA, a municipal corporation, ) | |
| ) | No. C11-5747 BHS |
| Plaintiff, ) | |
| ) | |
| v. ) | **DEFENDANT CLEAR CHANNEL'S** |
| ) | **ANSWER TO COMPLAINT AND** |
| CLEAR CHANNEL OUTDOOR, INC., a ) | **COUNTERCLAIMS** |
| Delaware corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant Clear Channel Outdoor, Inc. ("Clear Channel"), for its answer to the

Complaint of the City of Tacoma (the "City"), alleges and states as follows:

## I.   <u>NATURE OF ACTION</u>

1.1     Paragraph 1.1 states a legal contention to which no answer is required.  To the

extent an answer is required, Clear Channel admits the allegations set forth in paragraph 1.1.

## II.   <u>PARTIES</u>

2.1     Clear Channel admits the allegations set forth in paragraph 2.1.

2.2     Clear Channel admits the allegations set forth in paragraph 2.2.

## III.   <u>JURISDICTION AND VENUE</u>

3.1     Clear Channel admits the allegations set forth in paragraph 3.1.

3.2     Clear Channel admits the allegations set forth in paragraph 3.2.

DEFENDANT CLEAR CHANNEL'S ANSWER TO COMPLAINT
AND COUNTERCLAIMS - 1

BYRNES ✦ KELLER ✦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

## IV.     FACTUAL ALLEGATIONS

4.1     Clear Channel admits the allegations set forth in paragraph 4.1.

4.2     Clear Channel admits that the City enacted Ordinance 26101 in 1997.  To the extent paragraph 4.2 states legal contentions regarding the effect of the Ordinance, no answer is required.

4.3     Clear Channel admits that it filed a complaint against the City in Pierce County Superior Court (Cause No. 07-2-10344-4) in July of 2007 (the "Clear Channel Action"), seeking declaratory and injunctive relief.  The complaint speaks for itself.  Clear Channel denies paragraph 4.3 to the extent it states allegations inconsistent with the Clear Channel Action.  To the extent paragraph 4.3 states legal contentions, no answer is required.

4.4     Clear Channel admits that the Clear Channel Action was removed to this Court.  To the extent paragraph 4.4 states legal contentions, no answer is required.

4.5     Clear Channel admits that Clear Channel and the City engaged in settlement discussions regarding the Clear Channel Action and that a binding settlement was reached.  Clear Channel otherwise denies the allegations set forth in paragraph 4.5.

4.6     Clear Channel lacks sufficient information to admit or deny the allegations in paragraph 4.6.

4.7     Clear Channel admits that it entered into an agreement with the City resolving the Clear Channel Action (the "Settlement Agreement"), and that the Settlement Agreement speaks for itself.  To the extent paragraph 4.7 purports to characterize the Settlement Agreement or states legal contentions, no answer is required.  Clear Channel otherwise denies the allegations set forth in paragraph 4.7.

4.8     Clear Channel admits that the City Council approved the Settlement Agreement unanimously and that it was thereafter signed by the City.  Clear Channel further admits that it did not sign the Settlement Agreement within the time frame described in paragraph 4.8 (nor was it required to) but that it later signed the Agreement.  Clear Channel further admits that it entered

the First Amendment to the Settlement Agreement ("Amendment"). The Settlement Agreement and the Amendment thereto speak for themselves. To the extent paragraph 4.8 purports to characterize the Settlement Agreement or the Amendment, or states legal contentions, no answer is required. Clear Channel otherwise denies the allegations set forth in paragraph 4.8.

4.9    Clear Channel lacks sufficient information to admit or deny the allegations set forth in paragraph 4.9.

4.10    Clear Channel lacks sufficient information to admit or deny the allegations set forth in paragraph 4.10.

4.11    Clear Channel lacks sufficient information to admit or deny the allegations set forth in paragraph 4.11.

4.12    Clear Channel lacks sufficient information to admit or deny the allegations set forth in paragraph 4.12.

4.13    Clear Channel lacks sufficient information to admit or deny the allegations set forth in paragraph 4.13.

4.14.    Clear Channel admits that it executed the Settlement Agreement after July 26, 2011. Clear Channel otherwise denies the allegations set forth in paragraph 4.14.

4.15.    Clear Channel admits that the Tacoma City Council purported to adopt Substitute Ordinance ("S.O.") 28009 on August 9, 2011. Clear Channel otherwise denies the allegations set forth in paragraph 4.15.

4.16    Clear Channel admits the allegations set forth in paragraph 4.16.

4.17    Clear Channel admits that, to date, the City has failed to adopt a billboard ordinance of the sort contemplated in paragraph 3 on page 2 of the Settlement Agreement. Clear Channel otherwise denies the allegations set forth in paragraph 4.17.

## V.    CLAIM ONE

5.1    Clear Channel incorporates its responses to paragraph 1.1. through 4.17, *supra*.

CLEAR CHANNEL'S ANSWER AND COUNTERCLAIMS - 3

5.2     Clear Channel states that no answer to paragraph 5.2 is required insofar as that paragraph pertains to the City's Lack of Consideration claim dismissed pursuant to the Court's December 5, 2011, Order.  The Settlement Agreement speaks for itself, and to the extent paragraph 5.2 purports to characterize the Settlement Agreement, no answer is required.  Clear Channel otherwise denies the allegations set forth in paragraph 5.2.

5.3     Clear Channel states that no answer to paragraph 5.3 is required insofar as that paragraph pertains to the City's Lack of Consideration claim dismissed pursuant to the Court's December 5, 2011, Order (Dkt. 20).  The Settlement Agreement speaks for itself and to the extent paragraph 5.3 purports to characterize the Settlement Agreement, no answer is required. Clear Channel otherwise denies the allegations set forth in paragraph 5.3.

## VI.     CLAIM TWO

6.1     Clear Channel incorporates its responses to paragraph 1.1 through 5.3, *supra.*

6.2     To the extent paragraph 6.2 sets forth a legal contention, no answer is required. Clear Channel otherwise denies the allegations set forth in paragraph 6.2.

6.3     The Settlement Agreement speaks for itself and to the extent paragraph 6.3 purports to characterize the Settlement Agreement, no answer is required.  Clear Channel otherwise denies the allegations set forth in paragraph 6.3.

6.4     Clear Channel admits that the Settlement Agreement speaks for itself.  To the extent paragraph 6.4 purports to characterize the Settlement Agreement or states a legal contention, no answer is required.  Clear Channel otherwise denies the allegations set forth in paragraph 6.4.

## VII.     CLAIM THREE

7.1     Clear Channel incorporates its responses to paragraph 1.1 through 6.4, *supra.*

7.2     Clear Channel admits that the Settlement Agreement speaks for itself.  To the extent paragraph 7.2 purports to characterize the Settlement Agreement or states a legal contention, no answer is required.  Clear Channel otherwise denies the allegations set forth in paragraph 7.2.

CLEAR CHANNEL'S ANSWER AND COUNTERCLAIMS - 4

7.3      Clear Channel denies the allegations set forth in paragraph 7.3.

7.4      Clear Channel denies the allegations set forth in paragraph 7.4.

## VIII.   CLAIM FOUR

8.1      Clear Channel incorporates its responses to paragraphs 1.1 through 7.4, *supra.*

8.2      Clear Channel states that no answer to paragraph 8.2 is required insofar as that paragraph pertains to the City's Repudiation claim dismissed pursuant to the Court's December 5, 2011, Order.  To the extent an answer is required, Clear Channel admits that the Settlement Agreement speaks for itself.  To the extent paragraph 8.2 purports to characterize the Settlement Agreement or states a legal contention, no answer is required.

8.3      Clear Channel states that no answer to paragraph 8.3 is required insofar as that paragraph pertains to the City's Repudiation claim dismissed pursuant to the Court's December 5, 2011, Order.  To the extent an answer is required, Clear Channel denies the allegations set forth in paragraph 8.3.

8.4      Clear Channel denies the allegations set forth in paragraph 8.4.

## IX.   CLAIM FIVE

9.1      Clear Channel incorporates its responses to paragraphs 1.1 through 8.4, *supra.*

9.2      Clear Channel states that no answer to paragraph 9.2 is required insofar as that paragraph pertains to the City's Invalid Execution claim dismissed pursuant to the Court's December 5, 2011, Order.  To the extent an answer is required, Clear Channel admits that the Settlement Agreement speaks for itself.  To the extent paragraph 9.2 purports to characterize the Settlement Agreement, no answer is required.  Clear Channel otherwise denies the allegations set forth in paragraph 9.2.

9.3      Clear Channel states that no answer to paragraph 9.3 is required insofar as that paragraph pertains to the City's Invalid Execution claim dismissed pursuant to the Court's December 5, 2011, Order.  To the extent an answer is required, Clear Channel denies the allegations set forth in paragraph 9.3.

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

**AFFIRMATIVE DEFENSES**

1.      The City fails to state a claim upon which relief may be granted.

2.      Clear Channel's alleged acts were not the cause of any injury to the City.

3.      The City's claims are barred, in whole or in part, by the doctrine of estoppel.

**COUNTERCLAIMS**

Clear Channel states the following counterclaims against the City:

**JURISDICTION AND VENUE**

1.      The Court has subject matter jurisdiction over the counterclaims set forth below pursuant to 28 U.S.C. § 1332.  Clear Channel is a Delaware corporation with its principal place of business in San Antonio, Texas.  The matter in controversy includes Clear Channel's right to enforce the Settlement Agreement and exceeds $75,000.

2.      Personal jurisdiction exists over counterdefendant the City because the City has its principal place of business in Washington, conducts substantial business within Washington related to the unlawful activities complained of herein, and has engaged in many of the unlawful activities complained of herein in Washington.  In addition, the City has voluntarily appeared in this forum as a plaintiff in this action.

3.      Venue is appropriate pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to these counterclaims occurred in this District.

**BACKGROUND**

4.      This action arises from the City's attempt to renege on the Settlement Agreement it negotiated, approved, and executed to resolve the Clear Channel Action.

5.      In that Action, Clear Channel sued the City seeking a declaratory judgment and an injunction barring the City from enforcing its demand that Clear Channel remove nearly two hundred billboards without compensation or face steep fines and penalties.  *Clear Channel v. City of Tacoma, et al.*, Pierce County Superior Court No. 07-2-10344-4.

6.      The City endeavored to enforce that demand pursuant to a 1997 Tacoma Ordinance that amended the Tacoma Sign Code to target billboards.  Tacoma Ordinance 26101;

CLEAR CHANNEL'S ANSWER AND COUNTERCLAIMS - 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Compl. ¶ 4.2.  That Ordinance purported to define certain existing billboards as "non-conforming," and required their removal by August 1, 2007.  Compl. ¶ 4.2.

7.     Clear Channel filed suit in the Superior Court of Washington for Pierce County, seeking a judgment declaring these removal rules invalid under constitutional and statutory law. Compl. ¶ 4.3.

8.     By stipulated order, the court enjoined the City from assessing related fines or penalties against Clear Channel during the pendency of the lawsuit.  Stipulated Order Relating to Tolling of Civil Penalties, No. 07-2-10344-4 (Pierce County Superior Court, Aug. 3, 2007).

9.     The City removed the case to this Court.  *Clear Channel v. City of Tacoma, et al.*, No. C07-5407 BHS (W.D. Wash.), Dkt. 1 (Aug. 7, 2007).

10.    Rather than defend the legality of the Ordinance and its attempt to enforce it, the City entered into settlement discussions with Clear Channel in 2008 and thereafter repeatedly continued the trial date to facilitate those discussions.  For example, the parties filed a joint motion on May 11, 2009, which stated:

> The parties continue to work towards settlement of the claims and need additional time to consider settlement possibilities.  Given the complexities involved, the parties jointly request that the trial be continued to a date in January 2010, or any time thereafter that is convenient for the court, to afford more time for settlement discussions.

No. C07-5407BHS, at Dkt. 19 at 1-2.

11.    On March 16, 2010, the parties jointly represented to the Court that they had "reached an agreement in principle to resolve this case." *Id.* at Dkt. 29.  They further represented that:

> Based on the current status, the parties agree that the pending summary judgment motion filed by Clear Channel should be taken off the calendar.  Additionally, the parties do not anticipate that the matter will need to be tried.

*Id.*

12.    The parties agreed to resolve the litigation in two steps.  First, they executed an "Agreement Re Dismissal of Lawsuit," which provided that, upon the City's execution of a

CLEAR CHANNEL'S ANSWER AND COUNTERCLAIMS - 7

Settlement Agreement, the parties would file a Stipulated Dismissal of the lawsuit.  Compl.,
Ex. 4 to Ex. A ¶ 1.  Second, "in exchange for Clear Channel's dismissal of the Litigation . . . and
the payment . . . of $100.00, and other good and valuable consideration," the Settlement
Agreement granted Clear Channel the "option . . . of executing [the Settlement] Agreement at
any time within six (6) months of the Approval Date."  Compl., Ex. A ¶ 6.

13.     The Settlement Agreement contains two distinct and separate sets of provisions
relevant to this lawsuit:  first, provisions regarding the City's potential adoption of an ordinance
regulating digital billboards and Clear Channel's rights related thereto; and second, separately
and more generally, provisions relating to Clear Channel's "vested rights" in its existing signage.

14.     First, the Settlement Agreement contemplated the possibility that the City would
adopt an "Ordinance" regulating digital billboards.  The Settlement Agreement was clear that
"[n]othing in this Agreement shall require the City to enact any ordinance."  Compl., Ex. A ¶ 14.

15.     In the event it did so, however, the City would grant Clear Channel "permits to
construct ten digital billboards," in exchange for Clear Channel removing certain billboards and
relinquishing certain relocation credits.  Compl., Ex. A ¶ 2.

16.     The scope of any such ordinance, and the parties' obligations thereunder, were
defined specifically in paragraph 3 to the Settlement Agreement.  That paragraph states expressly
that "[a]ll of the provisions of this paragraph are conditioned upon the enactment of an
Ordinance."  Compl, Ex. A ¶ 3.

17.     Second, separate and apart from the paragraphs regarding digital billboards, the
Settlement Agreement expressly "acknowledge[d] Clear Channel's vested rights" in its existing
billboards and relocation permits.  Compl., Ex. A ¶ 4.  This acknowledgement was in no way
conditioned on the City's passage of any ordinance.

18.     In recognition of these "vested rights," and without any contingency, the
Settlement Agreement states that, "[i]f and to the extent the City requires the removal of [Clear
Channel's billboards] or elimination of [its relocation] permits at some future date (other than in

CLEAR CHANNEL'S ANSWER AND COUNTERCLAIMS - 8

connection with the construction of digital billboards as provided herein), the City will compensate Clear Channel for the fair market value of those interests." Compl., Ex. A ¶ 4.  This obligation did not depend on the City's enactment of a digital billboard ordinance.  It did, however, require the City to "pay to Clear Channel any monetary loss arising" from the removal of Clear Channel's existing billboards, "including the fair market value for removed signs or elimination of relocation permits as a result of such ordinances or regulations."  Compl., Ex. A ¶ 5.

19.     The Settlement Agreement was presented to the Tacoma City Council on July 27, 2010, and was unanimously approved.

20.     The next morning, July 28, 2010, counsel for the City made the following request of Clear Channel:

> As I am sure you are aware, the Council unanimously approved the Settlement Agreement last night.  Will you take care of notifying the Court?

21.     On October 13, 2010, the case was dismissed by the Court pursuant to the terms of the Settlement Agreement.  Paragraph 10 of that Agreement reads as follows:

> Binding Effect.  This Agreement *shall be binding upon* and inure to the benefit of *the City* and Clear Channel, its subsidiaries, affiliates, designated successors and assigns.  *In the event of any challenge to this Agreement, the City* and Clear Channel agree that they *will defend the approval, validity, constitutionality, and enforceability of this Agreement* and any of the terms contained herein.

Compl., Ex. A, Settlement Agreement ¶ 10 (emphases added).

22.     As anticipated under the Settlement Agreement, the City proceeded with efforts to enact an ordinance allowing digital billboards.

23.     As the end of Clear Channel's six-month option period approached, the City— acknowledging the validity and enforceability of the Settlement Agreement—signed an amendment extending the option period to August 15, 2011, in order to allow the City's ongoing work on the digital billboard ordinance to continue.  Compl. ¶ 4.8 & Ex. B.

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

24.     On July 27, 2011, Clear Channel exercised its option under the Settlement Agreement.  *See* Compl., Ex. A.

25.     On August 9, 2011, two weeks after Clear Channel exercised its option, the Tacoma City Council purported to enact S.O. 28009.  The Ordinance purported to amend Tacoma's Sign Code, Tacoma Municipal Code ("T.M.C.") chapters 13.06.520, 13.06.521, and 13.06.700.

26.     S.O. 28009 prohibits the City from granting Clear Channel digital billboard permits.  It does not, however, prevent the City from honoring its contractual commitment to pay fair market value for any billboards it forces Clear Channel to remove.  That commitment is in no way contingent on the enactment of an ordinance authorizing digital billboards.

27.     S.O. 28009 also provides that "billboards" that are not in compliance with T.M.C. 13.06.521M on September 1, 2011, are deemed non-conforming and must be "discontinued and removed or made conforming on or before March 1, 2012."  In addition, the Ordinance amends the T.M.C.'s definition of a "billboard."  Under S.O. 28009, a sign is a "billboard" if it is of a sufficient size, and if it is "an off-premises sign."  T.M.C. 13.06.700.  "Off-premises" is in turn defined as:  "A permanent sign not located on the premises of the use or activity to which the sign pertains."  *Id.*

28.     Notwithstanding its ongoing contractual commitments under the Settlement Agreement that were in no way contingent on the enactment of a digital billboard ordinance, the City filed this action on August 18, 2011, alleging that the Settlement Agreement is unenforceable.

29.     This action, and these counterclaims, followed.

## FIRST COUNTERCLAIM
### Breach of Contract

30.     Clear Channel realleges each preceding paragraph as if fully set forth herein.

CLEAR CHANNEL'S ANSWER AND COUNTERCLAIMS - 10

31.     The City has breached the Settlement Agreement, including its obligation to "defend the approval, validity, constitutionality, and enforceability of th[e] Agreement." Compl., Ex. A ¶ 10.

32.     The City's breach has caused Clear Channel injury, and Clear Channel is entitled to performance or, in the alternative, damages, costs, attorneys' fees, and such other relief as the Court deems appropriate.

## SECOND COUNTERCLAIM
### Breach of Implied Covenant of Good Faith and Fair Dealing

33.     Clear Channel realleges each preceding paragraph as if fully set forth herein.

34.     By filing the Complaint in this action, and by arguing that the Settlement Agreement is unenforceable, the City has breached its duty of good faith and fair dealing.  In particular, the City has breached this duty with respect to Paragraph 4 of the Settlement Agreement, under which the City agreed to "compensate Clear Channel for the fair market value" of any billboards the City may purport to require Clear Channel to remove, "other than in connection with the construction of digital billboards" as provided by the Agreement.  Compl., Ex. A ¶ 4.  Rather than perform this obligation in good faith, the City has preemptively attempted to assert that its contractual obligation is unenforceable.

35.     The City's conduct has caused Clear Channel injury, and Clear Channel is entitled to performance or, in the alternative, damages, costs, attorneys' fees, and such other relief as the Court deems appropriate.

## THIRD COUNTERCLAIM
### Promissory Estoppel

36.     Clear Channel realleges each preceding paragraph as if fully set forth herein.

37.     The City made promises to Clear Channel that the City would comply with and defend the terms of the Settlement Agreement, including the provision stating that the City would compensate Clear Channel for the fair market value of any billboards the City required Clear Channel to remove.  The City expressly made such promises in the Settlement Agreement,

CLEAR CHANNEL'S ANSWER AND COUNTERCLAIMS - 11

Compl., Ex. A ¶¶ 4, 10, and by its words and conduct encouraged Clear Channel to believe it would perform on those promises in good faith.

38.     Clear Channel reasonably relied on the City's promises.  For example, Clear Channel agreed to dismiss its meritorious claims in the Clear Channel Action because of the City's promise to compensate Clear Channel for billboards the City required Clear Channel to remove other than as prescribed in the Settlement Agreement.

39.     The City's conduct has caused Clear Channel injury, and the City is entitled to equitable relief and such other relief as the Court deems appropriate.

### FOURTH COUNTERCLAIM
**Unconstitutional Taking of Property, U.S. Const., Amend. V**

40.     Clear Channel realleges each preceding paragraph as if fully set forth herein.

41.     The Fifth and Fourteenth Amendments of the United States Constitution prohibit the City from taking private property without providing just compensation.

42.     S.O. 28009 empowers the City to take private property because it (1) purports to require removal of certain billboards by March 2012, and (2) purports to invalidate lawfully-obtained permits to relocate billboards.  The Ordinance does not, however, make any provision for compensation for the property taken.

43.     The Settlement Agreement obliges the City to pay Clear Channel fair market value for any billboard the City forces Clear Channel to remove.  S.O. 28009 on its face does nothing to impair this obligation.

44.     In the event the Settlement Agreement is not enforceable, however, S.O. 28009 standing by itself authorizes takings without making the prior appropriation of funds to compensate the owner of the property to be taken.

45.     Clear Channel is entitled to a declaratory judgment that the Ordinance violates the United States Constitution, to an injunction enjoining its enforcement, and to such other relief as the Court deems appropriate.

CLEAR CHANNEL'S ANSWER AND COUNTERCLAIMS - 12

## FIFTH COUNTERCLAIM
### Unconstitutional Regulation of Speech, U.S. Const., Amends. I & XIV

46.     Clear Channel realleges each preceding paragraph as if fully set forth herein.

47.     The First and Fourteenth Amendments of the United States Constitution prohibit the City from making any law "abridging the freedom of speech."

48.     S.O. 28009 violates this command in numerous ways.  For example, S.O. 28009 impermissibly favors some forms of non-commercial speech over other non-commercial speech. S.O. 28009 also favors commercial over non-commercial speech.  S.O. 28009 regulates non-commercial speech according to its content, is presumptively unconstitutional, and is subject to a strict scrutiny analysis.  To withstand such scrutiny, S.O. 28009 must be narrowly tailored to reach a compelling state interest and use the least restrictive means available to meet its objectives.  S. O. 28009 cannot satisfy this test.

49.     Thus, because S.O. 28009 abridges the freedom of speech, Clear Channel is entitled (1) to a declaratory judgment that, as amended by S.O. 28009, the Tacoma Sign Code violates the First and Fourteenth Amendments of the United States Constitution, (2) to an injunction enjoining enforcement of the Code as applied to billboards, and (3) to such other relief as the Court deems appropriate.

## SIXTH COUNTERCLAIM
### Unconstitutional Vagueness
### U.S. Const., Amends. I, V, & XIV

50.     Clear Channel realleges each preceding paragraph as if fully set forth herein.

51.     The Fifth and Fourteenth Amendments of the United States Constitution require that a law must give people of ordinary intelligence fair notice of what it prohibits, and must not be so standardless that it authorizes or encourages discriminatory enforcement.  In particular, laws implicating First Amendment interests must identify the expressive activity they prohibit with narrow specificity.

52.     S.O. 28009 purports to cap the allowable square footage of "billboard faces" and "associated structures" within the City at the amount of the "total square footage of billboards"

CLEAR CHANNEL'S ANSWER AND COUNTERCLAIMS - 13

1    that was present in the City on August 1, 2011.  T.M.C. 13.06.521.M.1.a.  Starting on March 12,

2    2012, the Ordinance purports to reduce the cap "by the number and square footage of

3    nonconforming billboard faces in existence" on August 9, 2011.  *Id.*

4         53.     S.O. 28009 does not provide a person of ordinary intelligence fair notice of what

5    the Ordinance prohibits because it does not identify the relevant square footage of billboard

6    space present in the City on these two dates, nor does it prescribe a method for making such a

7    calculation.

8         54.     Thus, Clear Channel is entitled to a declaratory judgment that S.O. 28009 is

9    unconstitutionally vague, to an injunction enjoining its enforcement, and to such other relief as

10   the Court deems appropriate.

## SEVENTH COUNTERCLAIM
**Unconstitutional Impairment of Contractual Obligations,
U.S. Const., Art. I, § 10**

13        55.     Clear Channel realleges each preceding paragraph as if fully set forth herein.

14        56.     Article I, Section 10 of the United States Constitution prohibits the City from

15   enacting any law "impairing the Obligation of Contracts."  S.O. 28009 mandates the removal of

16   existing nonconforming billboard signs and phases out existing billboard permits without the

17   compensation the City is obligated to pay under the Settlement Agreement.  Accordingly, it

18   improperly impairs the parties' obligations under that Agreement.

19        57.     Thus, because S.O. 28009 improperly impairs the parties' Settlement Agreement,

20   Clear Channel is entitled to a declaratory judgment that the Ordinance violates Article I, Section

21   10 of the United States Constitution, to an injunction enjoining its enforcement, and to such other

22   relief as the Court deems appropriate.

## EIGHTH COUNTERCLAIM
**42 U.S.C. § 1983, *et seq.***

24        58.     Clear Channel realleges each preceding paragraph as if fully set forth herein.

25        59.     The City has enacted, implemented, permitted and condoned, and continues to

26   permit and condone, the acts, practices, and failures to act, and violations complained in herein

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

to become, and continue to be, the official policy and custom of the City of Tacoma.  These acts, practices, and failures to act, violate Clear Channel's rights under the First, Fifth, and Fourteenth Amendments of the United States Constitution.  The City's acts, practices, and failures to act, threaten irreparable injury to Clear Channel's important constitutional rights, and Clear Channel has no adequate remedy at law.

60.     Accordingly, Clear Channel is entitled to injunctive relief barring continued violations of its constitutional rights through enforcement of S.O. 28009 and to such other relief as the Court deems appropriate.

## NINTH COUNTERCLAIM
### Unconstitutional Taking of Property, Wash. Const., Art. I, § 16

61.     Clear Channel realleges each preceding paragraph as if fully set forth herein.

62.     Article I, Section 16 of the Washington Constitution prohibits the City from taking private property without providing just compensation.  The Washington Constitution specifically requires the City to pay such just compensation prior to taking any private property.

63.     S.O. 28009 empowers the City to take private property because it (1) purports to require removal of certain billboards by March 2012, and (2) purports to invalidate lawfully obtained permits to relocate billboards.  The Ordinance does not, however, make any provision for compensation for the property taken.

64.     The Settlement Agreement obliges the City to pay Clear Channel fair market value for any billboard the City forces Clear Channel to remove.  S.O. 28009 on its face does nothing to impair this obligation.

65.     In the event the Settlement Agreement is not enforceable, however, S.O. 28009 standing by itself authorizes takings without making the prior appropriation of funds to compensate the owner of the property to be taken.

66.     Clear Channel is entitled to a declaratory judgment that the Ordinance violates the Washington Constitution, to an injunction enjoining its enforcement, and to such other relief as the Court deems appropriate.

CLEAR CHANNEL'S ANSWER AND COUNTERCLAIMS - 15

**TENTH COUNTERCLAIM**
**Unconstitutional Regulation of Speech, Wash. Const., Art. I, § 5**

67.     Clear Channel realleges each preceding paragraph as if fully set forth herein.

68.     Article I, Section 5 of the Washington Constitution grants all persons the right to "freely speak."

69.     S.O. 28009 violates this command in numerous ways.  For example, S.O. 28009 impermissibly favors some forms of non-commercial speech over other non-commercial speech. S.O. 28009 also favors commercial over non-commercial speech.

70.     S.O. 28009 regulates non-commercial speech according to its content, is presumptively unconstitutional, and is subject to a strict scrutiny analysis.  To withstand such scrutiny, S.O. 28009 must be narrowly tailored to reach a compelling state interest and use the least restrictive means available to meet its objectives.  S. O. 28009 cannot satisfy this test.

71.     Thus, because S.O. 28009 abridges the freedom of speech, Clear Channel is entitled (1) to a declaratory judgment that, as amended by S.O. 28009, the Tacoma Sign Code violates Article I, Section 5 of the Washington Constitution, (2) to an injunction enjoining enforcement of the Code as applied to billboards, and (3) to such other relief as the Court deems appropriate.

**ELEVENTH COUNTERCLAIM**
**Unconstitutional Vagueness**
**Wash. Const., Art. I, §§ 3, 5**

72.     Clear Channel realleges each preceding paragraph as if fully set forth herein.

73.     Article I, Sections 3 and 5 of the Washington Constitution prohibit the enforcement of vague statutes to the same extent as the United States Constitution.  A law is unconstitutionally vague if it fails to give people of ordinary intelligence fair notice of what it prohibits or is so standardless that it authorizes or encourages discriminatory enforcement.  In particular, laws implicating free speech rights must identify the expressive activity that they prohibit with narrow specificity.

CLEAR CHANNEL'S ANSWER AND COUNTERCLAIMS - 16

74.     S.O. 28009 purports to cap the allowable square footage of "billboard faces" and "associated structures" within the City at the amount of the "total square footage of billboards" that was present in the City on August 1, 2011.  T.M.C. 13.06.521.M.1.a.

75.     S.O. 28009 does not provide a person of ordinary intelligence fair notice of what the Ordinance prohibits because it does not identify the relevant square footage of billboard space present in the City on these two dates, nor does it prescribe a method for making such calculation.

76.     Thus, Clear Channel is entitled to a declaratory judgment that S.O. 28009 is unconstitutionally vague, to an injunction enjoining its enforcement, and to such other relief as the Court deems appropriate.

## TWELFTH COUNTERCLAIM
### Unconstitutional Impairment of Contractual Obligations,
### Wash. Const., Art. I, § 23

77.     Clear Channel realleges each preceding paragraph as if fully set forth herein.

78.     Article I, § 23 of the Washington Constitution prohibits the City from enacting any law "impairing the Obligation of Contracts."  S.O. 28009 mandates the removal of existing nonconforming billboard signs and phases out existing billboard permits without the compensation the City is obligated to pay under the Settlement Agreement.  Accordingly, it improperly impairs the City's obligations under that Agreement.

79.     Thus, because S.O. 28009 improperly impairs the City's obligations under the Settlement Agreement, Clear Channel is entitled to a declaratory judgment that the Ordinance violates Article I, § 23 of the Washington Constitution, to an injunction enjoining its enforcement, and to such other relief as the Court deems appropriate.

## THIRTEENTH COUNTERCLAIM
### Failure to Tender Just Compensation, RCW 47.42

80.     Clear Channel realleges each preceding paragraph as if fully set forth herein.

Byrnes ◆ Keller ◆ Cromwell llp
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

81.     Under RCW 47.42, a municipality cannot require removal of signs "visible" from a state route without first tendering just compensation into the registry of the Court.  RCW 47.42.107 provides that:

> (1) Just compensation shall be paid upon the removal of any existing sign pursuant to the provisions of any resolution or ordinance of any county, city, or town of the state of Washington. . . .

82.     There are the following state routes in Tacoma:  S.R. 163, S.R. 7, S.R. 705, S.R. 16, S.R. 509, and Interstate 5.  Clear Channel maintains numerous structures, containing numerous sign faces, which are visible from these routes and subject to forced removal.  Pursuant to RCW 47.42.103(2), just compensation must be made into the registry of the Court before the City can require removal of these signs.

83.     Clear Channel is entitled to a declaratory judgment that, to the extent S.O. 28009 is lawful at all, Clear Channel cannot be required to remove any signs covered by RCW 47.42 unless and until the City first tenders just compensation for those signs into the Registry of the Court.  Clear Channel is further entitled to such other relief as the Court deems appropriate.

## FOURTEENTH COUNTERCLAIM
### Invalid Manner of Enactment,
### U.S. Const., Amend. XIV,
### Wash. Const. Art. I, § 3 Tacoma Charter

84.     Clear Channel realleges each preceding paragraph as if fully set forth herein.

85.     The Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the Washington Constitution prevent the City from taking property without "due process of law."

86.     Under the Tacoma City Charter, an ordinance cannot be enacted until five days after it is read.  The original version of what became S.O. 28009 was distributed as a part of the agenda package, and made publicly available, prior to the July 26, 2011, meeting of the Tacoma City Council.  At the meeting, that version was abandoned in favor of S.O. 28009.  There was no reading, however, of S.O. 28009.

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

87.     Subsequently, on August 12, 2011, the City Council for the first time read, and voted to enact, S.O. 28009.

88.     Thus, because S.O. 28009 was enacted fewer than five days after it was read for the first time, it was enacted in a manner inconsistent with the Tacoma Charter's requirements.

89.     The City arbitrarily and capriciously failed to comply with these procedural requirements for enacting a new ordinance, which are plainly set forth in the Tacoma City Charter.  The City's disregard for these established regulations deprived Clear Channel of its constitutional right to due process.

90.     Clear Channel is entitled to a declaratory judgment that S.O. 28009 is void for failure to comply with the enactment requirements of the Tacoma City Charter and that the Ordinance violates Clear Channel's constitutional rights to due process.  Clear Channel is further entitled to an injunction enjoining the Ordinance's enforcement, and to such other relief as the Court deems appropriate.

## PRAYER FOR RELIEF

Clear Channel respectfully requests judgment  against the City as follows:

a.     For an order dismissing the City's claims with prejudice;

b.     For a declaratory judgment that the Ordinance is void for failure to comply with the enactment provisions of the Tacoma City Charter;

c.     For an injunction enjoining the enforcement of S.O. 28009 and the Tacoma Sign Code;

d.     For monetary damages;

e.     For Clear Channel's costs and attorneys' fees; and,

f.     For such other relief as the Court deems just and proper.

CLEAR CHANNEL'S ANSWER AND COUNTERCLAIMS - 19

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

1    DATED this 19th day of December, 2011.

2                                    BYRNES KELLER CROMWELL LLP

3                                    By /s/ Paul R. Taylor
4                                         Paul R. Taylor, WSBA #14851
                                          Steven C. Minson, WSBA #30974
5                                    Byrnes Keller Cromwell LLP
                                     1000 Second Avenue, 38th Floor
6                                    Seattle, WA  98104
7                                    Attorneys for Defendant Clear Channel Outdoor

8                                    *OF COUNSEL*

9                                    Mark D. Hopson*
10                                   Gordon D. Todd
                                     Joseph R. Guerra
11                                   SIDLEY AUSTIN LLP
                                     1501 K Street, N.W.
12                                   Washington, D.C. 20005
                                     Telephone: (202) 736-8000
13                                   Facsimile: (202) 736-8711
14                                   Emails: mhopson@sidley.com
                                             gtodd@sidley.com
15                                           jguerra@sidley.com
                                     *Admitted Pro Hac Vice*
16
17                                   Attorneys for Defendant Clear Channel Outdoor

18

19

20

21

22

23

24

25

26

CLEAR CHANNEL'S ANSWER AND COUNTERCLAIMS - 20

1

## **CERTIFICATE OF SERVICE**

2

3
    The undersigned attorney certifies that on the 19th day of December, 2011, I
electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which
will send notification of such filing to the following:

4

5
    Shelley M. Kerslake
    Kenyon Disend, PLLC
6
    11 Front Street South
    Issaquah, WA  98027-3820

7

8
                                                        /s/ Paul R. Taylor
                                                        Paul R. Taylor, WSBA #14851
9
                                                        Byrnes Keller Cromwell LLP
10
                                                        1000 Second Avenue, 38th Floor
                                                        Seattle, WA  98104
11
                                                        Telephone:  (206) 622-2000
                                                        Facsimile:  (206) 622-2522
12
                                                        ptaylor@byrneskeller.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000